BC MAM
FILED
5/28/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Minor Child Gw et al., | |
| Plaintiffs, | Case No. 1:25-cv-04551 |
| v. | |
| Regina Scannicchio et al., | |
| Defendants. | |

**JOINT INITIAL STATUS REPORT**

1. **THE NATURE OF THE CASE**

    A. <u>Identify the attorneys of record for each party, including the lead trial attorney.</u>

**FOR PLAINTIFFS:**

Kenton Girard, *in pro se*
965 Forestway Drive
Glencoe, IL 60022
Phone: (773) 575-7035
Email: kg5252@yahoo.com

Toma Makedonski Esq., *for Gw and Gr*
1271 Old Mill Ct
Naperville, IL 60564
Phone: (773) 727-5491
Email: legaltma@gmail.com
Attorney No. 37672

**FOR DEFENDANT ELSTER:**

Kimberly E. Blair, Esq.
Wilson Elser
55 W. Monroe St. Suite 3800
Phone: (312) 821-6139
Email: kimberly.blair@wilsonelser.com
Attorney No. 6272934

Robert Merlo, Esq.
Wilson Elser
55 W. Monroe St., Suite 3800
Phone: (312) 821-6170
Email: robert.merlo@wilsonelser.com
Attorney No. ~~6217312~~6327312

**FOR JUDICIAL DEFENDANTS:**

Michael J. Bradtke, Esq.
Office of the Attorney General for Illinois
115 S. LaSalle Street, Suite 2700
Chicago, IL 60602
Phone: (312) 814-1212
Email: michael.bradtke@ilag.org
Attorney No. 6319052

**FOR V. OF GLENCOE DEFENDANTS:**

Jeffrey R. Kivetz, Esq.
The Sotos Law Firm, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
Phone: (630) 735-3318
Email: jkivetz@jsotoslaw.com
Attorney No. 6308250

B. <u>Identify any parties that have not yet been served.</u>

1. Bradley S. Levison

2. Philip A. Kiraly

However, it is expected that a waiver of service and appearance will be entered on behalf of these Village of Glencoe Defendants by Jeffrey R. Kivetz, Esq., above noted. As to all other defendants, service has been waived and their attorneys have appeared on their behalf.

C. <u>State the basis for federal jurisdiction. If jurisdiction over any claims is based on diversity or supplemental jurisdiction.</u>

Basis for federal jurisdiction is constitutional questions, not diversity. All parties reside and work in Illinois – specifically within Cook County and Lake County – and thus there is no diversity of citizenship, moreover. Damages easily exceed $75,000.

D. <u>Describe generally the nature of the claims asserted in the complaint and any counterclaims.</u>

*Plaintiff's Position*: This case arises from the tortured history under a 38-month-long "custody proceeding" in the Cook County Domestic Relations Court in which the minor children plaintiffs have been systematically and unconstitutionally silenced, at grave risk to their futures set against the backdrop of the presumptive granting of custodial rights to their biological mother and rapist Jane F. Girard. Worse, it has come to light that opposing counsel Matthew D. Elster illicitly colluded with Defendants Levison and Kiraly – both Village of Glencoe personnel – to obstruct and derail no fewer than three criminal investigations against Jane F. Girard. Plaintiff Kenton Girard's rights have also been abrogated, wherein the Cook County judicial officers keep pushing for a "mystery trial" – under which no pleadings have been filed by Jane F. Giard – at the interminable goading of Ms. Girard's attorneys at Beermann LLP.

There are no counterclaims or third party claims at this time. Plaintiff's claims are listed below:

**Count I**     VIOLATION OF FIRST AMENDMENT

Gw and Gr's multiple motions to intervene – most recently via their counsel Toma Makedonski – have been summarily stricken or disregarded in affront to the First Amendment.

**Count II**      VIOLATION OF RIGHT TO A REMEDY

Not only have the motions to intervene been casually jettisoned by the sequence of judicial officers under the custody proceedings. Additionally, extremely serious jurisdictional and procedural defects have materialized and all of the papers penned by Plaintiff Kenton Girard directed towards addressing those defects have also been summarily ignored.

**Count III**      CIVIL CONSPIRACY

The trio of Beermann LLP attorney Matthew D. Elster and Village of Glencoe personnel Philip Kiraly and Bradley Levison are responsible for intentionally engaging in a coordinated scheme to obstruct at least three (3) criminal investigations into Jane F. Girard, illicitly protecting her in order to maintain the viability of her judicial pursuit of a custody remedy.

**Count IV**      VIOLATION OF RIGHT TO FAIR NOTICE OF CLAIMS

The "mystery trial" is proceeding according to Judge Yu on May 1-2, 2025 without any pleadings. This is an unconscionable state of affairs. Plaintiff Kenton Girard is entitled to know the causes of action which lie against him.

**Count V**      NEGLIGENCE

The Defendants knew at all times of Jane F. Girard's history of sexual abuse and rape directed at the minor children Gw and Gr. Under the Illinois Crime Victims Bill of Rights, moreover, their rights have been intentionally and systematically violated.

*Defendants' Position*:

**Defendant Elster's position**. Defendant Elster denies all allegations. In addition, the claims against him fail as a matter of law, for the following reasons (among others): (1) the Minor Children are unrepresented and ostensibly suing despite being minors (Attorney Makedonski is not a member of this Court's General or Trial Bars); (2) the absolute litigation privilege bars the claims; (3) Defendant Elster owed Plaintiffs (non-client third-parties) no duty; (4) the claims ostensibly allege Defendant Elster, a non-state actor, violated Constitutional rights; (5) Count IV ("fair notice of claims") is not a cause of action here, and the allegations are demonstrably false by way of matters for which judicial notice can be taken; (6) the purported Section 1983 claims are not Section 1983 claims; (7) jurisdiction is lacking.

     E.      <u>State the major legal and factual issues in the case.</u>

*Plaintiff's Position*: The following factual issues are material to this case:

F1.     Did Defendants Elster, Levison and Kiraly actively work together in concert with the illicit and intended objective of obstructing the criminal investigations of Jane F. Girard?

F2. Given the backdrop of the missing judicial transfer orders from January 2025, Hon. Fernandez's self-recusal in open court on October 18 2024, and other jurisdictional fatal defects, can the judicial defendants claim judicial immunity?

As such, the following legal issues are central to the case at bar:

L1. Does the lack of pleadings by Jane F. Girard de-legitimize the custody proceedings to the

point wherein those proceedings lack the force of law?

L2. Has Plaintiff been adequately notified of the "claims" against him for the mystery trial in the domestic relations matter?

L3. Given the morass regarding missing judicial transfer orders, is there any colorable basis for any judicial actions taken subsequent to the missing transfers?

*Defendants' Position*:

**Defendant Elster's Position**. Fact issues: The allegations are false and matters for which judicial notice is proper is demonstrative thereof. Legal issues: Defendant Elster incorporates the Nos.: (1)-(7) that he lists in the above section. Further with regard to jurisdiction, the Complaint fails to establish Federal question jurisdiction, and abstention doctrines apply.

  F. Describe the relief sought.

For the constitutional violations, nominal damages are sought. For the civil conspiracy and negligence causes of action, monetary damages are sought. Plaintiffs also seeks attorneys fees and costs.

**2. CASE PLAN**

  A. Describe all pending motions.

No motions at this time.

  B. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.

Defendants will be filing motions to dismiss on or around the end of June 2025.

**Defendant Elster's Position (Motion to Dismiss).** Defendant Elster notes the bases for a motion to dismiss that he lists above.

**Defendant Elster's Position (to address Plaintiffs' below-proposed discovery plan)**: Defendant Elster contends that in light of the motion(s) to dismiss, discovery should be stayed pending adjudication thereof.

      C.    <u>Submit a proposed discovery plan, including the following information:</u>

          i.    the general type of discovery needed;

Written discovery, subpoenas and depositions.

          ii.    whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;

ESI will consist in email messages and text messages; however the Court prefers to standardize production would likely be sufficient.

          iii.    any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d);

N/A

          iv.    the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made;

Plaintiff proposes June 28 2025.



          v.    the date by which the parties will complete fact discovery;

Plaintiff requests six months to complete fact discovery. Plaintiff requests discovery be opened at this time before motions to dismiss are resolved.

          vi.    whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed;

N/A

          vii.    what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois, such as changes in the number of depositions or interrogatories permitted; and

N/A

          viii.    the date by which the parties must file any dispositive motions.

Plaintiff proposes six months after close of fact discovery.

*Defendants' Position*: they believe they will prevail on their motions to dismiss, thereby obviating discovery.

      D.      <u>State whether there has been a jury demand and the estimated length of the trial.</u>

*Plaintiff's Position*: Plaintiff has requested a jury trial and anticipates four (4) days shall suffice.

*Defendants' Position*: N/A

## 3. SETTLEMENT

      A.      <u>State whether any settlement discussions have occurred and describe the status of any such discussions.</u>

No discussions have occurred.

      B.      <u>State whether the parties believe that a settlement conference would be productive at this time.</u>

*Plaintiff's Position*: Plaintiff is in favor.

*Defendants' Position*: Judicial Defendants are not in favor. ~~Likely same as to other Defendants.~~ Defendant Elster does not believe a settlement conference would be productive.

## 4. CONSENT FOR MAGISTRATE JUDGE

The parties do not consent to proceed before a magistrate judge at this time.

**Dated: May 28, 2025**      Respectfully Submitted,

      **KENTON GIRARD**, *in pro se*

      <u>/s/ Kenton Girard</u>
      965 Forestway Drive
      Glencoe, IL 60022
      (773) 575-7035
      kg5252@yahoo.com

**TOMA MAKEDONSKI, ESQ.**, *for minor children Gw and Gr*

/s/ Toma Makedonski
1271 Old Mill Ct
Naperville, IL 60564
(773) 727-5491
legaltma@gmail.com

**For Defendant Elster:**

/s/ Robert F. Merlo

Kimberly E. Blair
Kimberly.blair@wilsonelser.com
Robert F. Merlo
Robert.merlo@wilsonelser.com
Wilson Elser LLP
55 W Monroe; Suite 3800
Chicago, IL 60603
(312) 821-6170
*His Attorneys*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 28, 2025, I caused a true and correct copy of the foregoing to be served via email on the counsel of record.

                      /s/ Kenton Girard