BC LJ
FILED
7/10/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Minor Child Gw et al., | |
| Plaintiffs, | Case No. 1:25-cv-04551 |
| v. | |
| Regina Scannicchio et al., | |
| Defendants. | |

## JOINT INITIAL STATUS REPORT

**1. THE NATURE OF THE CASE**

A. <u>Identify the attorneys of record for each party, including the lead trial attorney.</u>

**FOR PLAINTIFFS:**

Kenton Girard, *in pro se*
965 Forestway Drive
Glencoe, IL 60022
Phone: (773) 575-7035
Email: kg5252@yahoo.com

Toma Makedonski Esq., *for Gw and Gr*
**[lead trial attorney]**
1271 Old Mill Ct
Naperville, IL 60564
Phone: (773) 727-5491
Email: legaltma@gmail.com
Attorney No. 37672

**FOR DEFENDANT ELSTER:**

Kimberly E. Blair, Esq.
Wilson Elser
**[lead trial attorney]**
161 N. Clark St. Ste. 4500
Phone: (312) 821-6139
Email: kimberly.blair@wilsonelser.com
Attorney No. 6272934

Robert Merlo, Esq.
Wilson Elser
161 N. Clark St. Ste. 4500
Phone: (312) 821-6170
Email: robert.merlo@wilsonelser.com
Attorney No. 6327312

**FOR JUDICIAL DEFENDANTS:**

Assistant Attorney General Michael J. Bradtke
Office of the Attorney General for Illinois
**[lead trial attorney]**
115 S. LaSalle Street, Suite 2700
Chicago, IL 60602

Phone: (312) 814-1212
Email: Michael.Bradtke@ilag.gov

**FOR V. OF GLENCOE DEFENDANTS:**

Jeffrey R. Kivetz, Esq.
The Sotos Law Firm, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
Phone: (630) 735-3318
Email: jkivetz@jsotoslaw.com
Attorney No. 6308250

James A. Kearney, Esq.
The Sotos Law Firm, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
Phone: (630) 735-3307
Email: jkearney@jsotoslaw.com
Attorney No. 6327864

James G. Sotos, Esq.
The Sotos Law Firm, P.C.
**[lead trial attorney]**
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
Phone: (630) 735-3300
Email: jsotos@sotoslaw.com
Attorney No. 6191975

B.  State the basis for federal jurisdiction.

Basis for federal jurisdiction is constitutional questions, not diversity. All parties reside and work in Illinois – specifically within Cook County and Lake County – and thus there is no diversity of citizenship, moreover. Damages easily exceed $75,000.

*Defendant Elster's position*: Defendant Elster disputes that jurisdiction is proper and sets forth the grounds for the same as alternative arguments in his motion to dismiss (ECF #30).

*Defendants Kiraly and Levison's position*: Defendants Kiraly and Elster dispute that jurisdiction is proper and they adopt arguments related to same set forth in the pending motions to dismiss (ECF #30, #34).

Judicial Defendants also dispute that jurisdiction is proper and join the arguments made in the pending motions to dismiss. Judicial Defendants will also be moving to dismiss based on judicial immunity, and lack of standing.

C.  Describe generally the nature of the claims asserted in the complaint and any counterclaims.

*Plaintiff's position*: This case arises from the tortured history under a 38-month-long "custody proceeding" in the Cook County Domestic Relations Court in which the minor children plaintiffs have been systematically and unconstitutionally silenced, at grave risk to their futures set against the backdrop of the presumptive granting of custodial rights to their biological mother and rapist Jane F. Girard. Worse, it has come to light that opposing counsel Matthew D. Elster illicitly

colluded with Defendants Levison and Kiraly – both Village of Glencoe personnel – to obstruct and derail no fewer than three criminal investigations against Jane F. Girard. Plaintiff Kenton Girard's rights have also been abrogated, wherein the Cook County judicial officers keep pushing for a "mystery trial" – under which no pleadings have been filed by Jane F. Giard – at the interminable goading of Ms. Girard's attorneys at Beermann LLP.

There are no counterclaims or third party claims at this time. Plaintiff's claims are listed below:

**Count I**     VIOLATION OF FIRST AMENDMENT

Gw and Gr's multiple motions to intervene – most recently via their counsel Toma Makedonski – have been summarily stricken or disregarded in affront to the First Amendment.

**Count II**    VIOLATION OF RIGHT TO A REMEDY

Not only have the motions to intervene been casually jettisoned by the sequence of judicial officers under the custody proceedings. Additionally, extremely serious jurisdictional and procedural defects have materialized and all of the papers penned by Plaintiff Kenton Girard directed towards addressing those defects have also been summarily ignored.

**Count III**   CIVIL CONSPIRACY

The trio of Beermann LLP attorney Matthew D. Elster and Village of Glencoe personnel Philip Kiraly and Bradley Levison are responsible for intentionally engaging in a coordinated scheme to obstruct at least three (3) criminal investigations into Jane F. Girard, illicitly protecting her in order to maintain the viability of her judicial pursuit of a custody remedy.

**Count IV**    VIOLATION OF RIGHT TO FAIR NOTICE OF CLAIMS

The "mystery trial" is proceeding according to Judge Yu on May 1-2, 2025 without any pleadings. This is an unconscionable state of affairs. Plaintiff Kenton Girard is entitled to know the causes of action which lie against him.

**Count V**     NEGLIGENCE
The Defendants knew at all times of Jane F. Girard's history of sexual abuse and rape directed at the minor children Gw and Gr. Under the Illinois Crime Victims Bill of Rights, moreover, their rights have been intentionally and systematically violated.

**Expected Additional Counts under Forthcoming Amended Pleading**

Plaintiffs note that they intend to amend the complaint by right under FRCP 15(a)(1)(B) to provide additional factual recitations to lend additional support to the causes of action which lie against the defendants hereunder.

Defendant Elster's role in a newly discovered improper and extrajudicial "sanctions scheme" with Cook County Judge Eileen M. O'Connor will be explored, wherein Hon. O'Connor recently awarded sanctions to Beermann LLP (Defendant Elster's law firm) because Plaintiff Kenton Girard filed the amended pleading hereunder in ostensible violation of her federalism offending

directive *that Kenton Girard may not sue lawyers or judges in any forum*. Hon. O'Connor will be included as an additional defendant for violating Plaintiff Kenton Girard's constitutional right to a remedy and right to seek redress, with Defendant Elster sharing liability under those counts.

For his role in intentionally misusing the court system to improperly sustain the underlying family court proceeding and thereby illicitly maximize profits for Beermann LLP, Defendant Elster's misconduct will further be addressed under an abuse of process count and a count for intentional infliction of emotional distress.

Additional details about the conspiracy between Defendants Elster, Kiraly and Levison – including details about the relationships and interactions between these individuals – will be adduced and additional counts will be pled against them under Section 1983 and for defamation. In particular, private attorneys can be sued under Section 1983 wherein they are acting in an inappropriate and concerted manner with state officials (such as judicial officers).

A newly worked up factual background under which Defendant Robert Johnson conducted multiple court dates and signed multiple court orders, with full knowledge that the underlying family court proceeding had been removed to the court of District Judge Jeremy Daniel, will also be included wherein Defendant Robert Johnson will be liable under additional counts for taking brazen and outrageous steps to illicitly advance the family court proceeding wholly in absence of jurisdiction. The federalism-offending actions taken by Defendant Johnson fit in neatly with a previous ruling from the Seventh Circuit proscribing state court actors from advancing a proceeding whilst it has been removed to federal court under *Fenton v. Dudley*, 761 F.3d, 3 770, 773 (7th Cir. 2014), wherein the United States Court of Appeals ruled:

> [We] note that the Cook County Circuit Court's decision to enter an injunction after the case had been removed to federal court is clearly contrary to 28 U.S.C. § 1446(d) … we are troubled that a state court would disregard § 1446's clear command, especially because the face of the injunction order reveals that the state court recognized that the defendants had initiated removal.

Finally, wherein counts lie against Defendant Elster, Plaintiffs plan to implead his law firm Beermann LLP under those same counts.

*Defendant Elster's position*:
- Defendant Elster denies all allegations. Defendant Elster notes and incorporates his arguments in his Motion to Dismiss (ECF #30).
- Defendant Elster notes that Plaintiffs cannot amend the Complaint as a matter of right because the time to do so under FRCP 15(a) has expired.
- Defendant Elster asserts that any attempt to amend the Complaint should be denied; the arguments in his motion are dispositive as a matter of law and no amendment would alter that.
- Defendant Elster wholly rejects the far-fetched and untrue claims and arguments above.
- What Plaintiff calls a "sanctions scheme" is evidently related to the fact that Judge O'Connor granted Rule 137 Sanctions against Kenton Girard in a lawsuit that he brought against other Beermann LLP attorneys in the Circuit Court of Cook County, Illinois, Law Division.
- Defendant Elster notes that Plaintiffs and Attorney Makedonski have been served with a Rule 11 letter related to this matter.

- Defendant Elster denies all allegations. In addition, the claims against him fail as a matter of law, for the following reasons (among others): (1) the Minor Children are unrepresented and ostensibly suing despite being minors (Attorney Makedonski is not a member of this Court's General or Trial Bars); (2) the absolute litigation privilege bars the claims; (3) Defendant Elster owed Plaintiffs (non-client third-parties) no duty; (4) the claims ostensibly allege Defendant Elster, a non-state actor, violated Constitutional rights; (5) Count IV ("fair notice of claims") is not a cause of action here, and the allegations are demonstrably false by way of matters for which judicial notice can be taken; (6) the purported Section 1983 claims are not Section 1983 claims; (7) jurisdiction is lacking.

*Defendants Kiraly and Levison's position*:

- Plaintiffs have pled a state-law civil conspiracy claim against Kiraly and Levison in Count III. Kiraly and Levison deny all allegations asserted against them.
- Defendants Kiraly and Levison note and incorporate their arguments set forth in their Motion to Dismiss (ECF #34). They argue dismissal of the conspiracy claim is appropriate, *inter alia*, because: (1) Attorney Makedonski lacks standing to represent the minor children; (2) an array of abstention doctrines precludes this Court from addressing Plaintiffs' claims; (3) the inadequacy of the direct liability claims asserted against Elster; (4) the inadequacy of the civil conspiracy claim pled against Kiraly and Levison under both a state or federal law analysis; and (5) Illinois' Tort Immunity Act provides immunity for public employees. Kiraly and Levison deny that any amended pleading would cure deficiencies identified in Plaintiffs' Complaint.
- Defendants Kiraly and Levison note that Plaintiffs cannot amend the Complaint as a matter of right because the time to do so under FRCP 15(a) has expired.
- Defendants Kiraly and Levison assert that any attempt to amend the Complaint should be denied.

*Judicial Defendants' position*: They deny the allegations against them and join Defendant Elster's argument as to the minor Plaintiffs. Judicial Defendants are entitled to absolute judicial immunity in this case.

> D. State the major legal and factual issues in the case.

*Plaintiffs' position*: The following factual issues are material to this case:

F1.    Did Defendants Elster, Levison and Kiraly actively work together in concert with the illicit and intended objective of obstructing the criminal investigations of Jane F. Girard?

F2.    Given the backdrop of the missing judicial transfer orders from January 2025, Hon. Fernandez's self-recusal in open court on October 18 2024, and other jurisdictional fatal defects, can the judicial defendants claim judicial immunity?

As such, the following legal issues are central to the case at bar:

L1.    Does the lack of pleadings by Jane F. Girard de-legitimize the custody proceedings to the

point wherein those proceedings lack the force of law?

L2. Has Plaintiff been adequately notified of the "claims" against him for the mystery trial in the domestic relations matter?

L3. Given the morass regarding missing judicial transfer orders, is there any colorable basis for any judicial actions taken subsequent to the missing transfers?

*Defendant Elster's position*: Fact issues: The allegations are false and matters for which judicial notice is proper is demonstrative thereof. Legal issues: Defendant Elster incorporates his motion to dismiss (ECF #30) and Nos.: (1)-(7) that he lists in the above section. Further with regard to jurisdiction, the Complaint fails to establish Federal question jurisdiction, and abstention doctrines apply.

*Defendants Kiraly and Levison's position*: Kiraly and Levison deny all allegations asserted against them. The fact issue presented vis-à-vis Count III of the Complaint is whether Kiraly, Levison, and Elster conspired with each other to suppress and/or unlawfully intervene in criminal investigations involving Jane F. Girard. Kiraly and Levison incorporate their Motion to Dismiss (ECF #34) and the legal issues/defenses set forth in Nos.: (1)-(5) of the preceding section which highlight why their dismissal is appropriate.

*Judicial Defendants' position*: They deny the allegations in the complaint and will be asserting judicial immunity and lack of standing when they move to dismiss Plaintiff's complaint. Judicial Defendants joinDefendants Elster in arguing that the complaint fails to establish federal question jurisdiction and that abstention doctrines apply.

  E. <u>Describe the relief sought by the plaintiff (and counter-claimant).</u>

For the constitutional violations, nominal damages are sought. For the civil conspiracy and negligence causes of action, monetary damages are sought. Plaintiffs also seek attorneys fees and costs.

**2.** **PENDING MOTIONS AND CASE PLAN**

  A. <u>State the status of service of process on each defendant.</u>

The Judicial Defendants have each agreed to waivers of service dated June 4, 2025, providing 60 days to answer from said date.

Defendant Elster has filed a Motion to Dismiss (ECF #30). Plaintiffs Response is due July 14, 2025 and Defendant Elster's reply is due July 23, 2025 (ECF #31).

Defendants Kiraly and Levison have each agreed to waivers of service dated May 9, 2025, providing 60 days to answer from May 7, 2025.

  B. <u>Identify all pending motions.</u>

Defendant Elster has filed a Motion to Dismiss (ECF #30). Plaintiffs Response is due July 14, 2025 and Defendant Elster's reply is due July 23, 2025 (ECF #31).

Defendants Kiraly and Levison filed a Motion to Dismiss on July 7, 2025 (ECF #34).

    C.    <u>Submit a proposed discovery plan, including the following information:</u>

*Defendant Elster's position*: No discovery is needed and none should be allowed; Plaintiffs' claims fail as a matter of law and are frivolous.

    i.    *the general type of discovery needed*.

Plaintiffs propose written discovery, subpoenas and depositions.

    ii.    *a date for Rule 26(a)(1) disclosures*.

Plaintiffs propose June 28 2025.

    iii.    *a date to issue the first-set of written discovery requests*.

Plaintiffs propose that written discovery be opened once the forthcoming motions to dismiss are resolved.

    iv.    *a fact discovery completion date*.

Plaintiffs propose nine (9) months after the opening of written discovery.

    v.    *an expert discovery completion date, including dates for the delivery of expert reports (or summaries for non-retained expert testimony)*.

N/A

    vi.    *a deadline under Civil Rule 16(b) to add parties or to amend pleadings*.

Plaintiffs propose 90 days after the last responsive pleadings are filed by Defendants.

    vii.    *a date for the filing of dispositive motions*.

Plaintiffs propose 90 days after the close after the fact discovery completion date.

*Defendant Elster's position*: He notes the bases for a motion to dismiss that he lists above, and he contends that in light of the motion(s) to dismiss, discovery should be stayed pending adjudication thereof.

*Defendants Kiraly and Levison's position*: Kiraly and Levison believe that it would be premature to engage in any discovery or set any discovery deadlines given the legal issues raised in the pending motions to dismiss and suggest that discovery be stayed pending a ruling on all defendants' respective motions.

*Judicial Defendants' position*: They suggest discovery be stayed pending ruling on their forthcoming motions to dismiss.

D. State whether jury trial is requested and the probable length of trial (including jury selection, jury addresses, and jury deliberations).

Plaintiffs have requested a jury trial and anticipate that four (4) days shall suffice for the presentation of the trial from opening through closing statements. Plaintiff believes jury selection and jury addresses will require two (2) days and jury deliberations will occupy two (2) days.

*Defendants' position*: N/A

E. State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

Plaintiffs agree.

Defendant Elster agreed, has appeared and has moved to dismiss.

Judicial Defendants agree.

*Defendants Kiraly and Levison*: Kiraly and Levison agree to service of pleadings and other papers by electronic means as permitted by Federal Rule of Civil Procedure 5(b)(2)(E).

**3. MAGISTRATE JUDGE**

A. State whether the parties consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgement. The Court *strongly* encourages parties to consent to the jurisdiction of the Magistrate Judge. Of course, the parties are free to withhold consent without any adverse substantive consequences.

The parties do not unanimously consent to proceeding before the magistrate at this time.

**4. STATUS AS TO SETTLEMENT**

A. State whether any settlement discussions have occurred.

No discussions have occurred.

B. Describe the status of any settlement discussions.

N/A.

C. Whether the parties request a settlement conference.

Plaintiffs are in favor. However, Defendants are not in favor.

**Dated: July 10, 2025**                                          Respectfully Submitted,

| | |
|---|---|
| **KENTON GIRARD**, *in pro se* | **TOMA MAKEDONSKI, ESQ.**, *for minor children Gw and Gr* |
| /s/ Kenton Girard<br>965 Forestway Drive<br>Glencoe, IL 60022<br>(773) 575-7035<br>kg5252@yahoo.com | /s/ Toma Makedonski<br>1271 Old Mill Ct<br>Naperville, IL 60564<br>(773) 727-5491<br>legaltma@gmail.com |

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2025, I caused a true and correct copy of the foregoing to be served via email on the counsel of record.

/s/ Kenton Girard