**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MINOR CHILD GW, et al. | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | )  Case No. 25-cv-4551 |
| | ) |
| JUDGE REGINA A. SCANNICCHIO, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT JANE F. GIRARD'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULE 12(b)(1) and 12(b)(6)**

Defendant Jane Girard ("Jane"), through her attorneys of record, Kaplan & Gournis, P.C., for her motion to dismiss Plaintiffs Minor Child GW ("GW"), Minor Child GR ("GR"), and Kenton Girard's ("Kenton")(collectively "Plaintiffs") first amended complaint (the "Complaint" or "Compl.") pursuant to Federal Rule 12(b)(1) and 12(b)(6) (the "Motion"), states:

**INTRODUCTION**

Kenton is a vexatious litigant who expands his sprawling web of conspiratorial allegations to include new alleged conspirators every time he feels that he or his wife Marissa Girard ("Marissa") are slighted in the ongoing Cook County domestic relations case. In this matter, Kenton recycles various scandalous lies that he has repeatedly told in the Cook County custody proceeding about Jane and his self-serving—albeit completely imagined—allegations of sexual abuse and rape relating to their minor children GW and GR. The court should dismiss the Complaint pursuant to Rule 12(b)(1) because the court lacks jurisdiction over the claims in the Complaint. In the alternative, the court should dismiss the Complaint pursuant to Federal Rule 12(b)(6) because the Complaint fails to plead causes of action for abuse of process (count VI) or IIED (count VII) against Jane.

## ALLEGATIONS OF THE COMPLAINT

Kenton is Jane's ex-husband, and the two are adversaries in a pending domestic relations matter in Cook County, Illinois, Case No. 2015 D 9633 (the "Domestic Relations Case").

In the convoluted Complaint, Plaintiffs (really just Kenton) allege that Jane's attorneys in the Domestic Relations Case at Beermann LLP ("Beermann") are engaged in some (imagined) wide ranging conspiracy with "fixers," judges, other lawyers, courtroom personnel, municipal employees, and various other parties for the common goal of ruling against Kenton and Marissa in the Domestic Relations Case.

The Domestic Relations Case is still pending, and Beermann still represents Jane in the case against Kenton and Marissa. Kenton's Complaint seeks to frame his (and Marissa's) various losses and disagreements in the Domestic Relations Case to date as the product of corruption or a far-flung conspiracy. Kenton fails to plead any claims against Jane (or the other Defendants) that survive scrutiny under Rule 12(b)(1) or 12(b)(6).

The Court should dismiss the Complaint with prejudice because the court lacks subject matter jurisdiction pursuant to Rule 12(b)(1) and the Complaint does not state any cause of action against Jane under Rule 12(b)(6).

## ARGUMENT

I.  **The Court Lacks Subject Matter Jurisdiction Pursuant to the Domestic Relations Exception to Federal Jurisdiction, the *Rooker-Feldman* Doctrine, and/or *Younger* Abstention and/or General Abstention Principles**

Federal Rule of Civil Procedure 12(b)(1) provides that dismissal is proper when a court lacks subject matter jurisdiction. F.R.C.P. 12(b)(1). The "presumption of correctness" usually attributed to a complaint's allegations "falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question." *Saperstein v. Hager*, 188 F.3d

852, 856 (7th Cir. 1999).  Ultimately, the plaintiff must establish the existence of subject matter jurisdiction by competent proof.  *Id.* (citing *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm's*, 149 F.3d 679, 685 (7th Cir. 1998)).

A.      <u>**The Domestic Relations Exception to Federal Jurisdiction Applies**</u>

The "domestic relations" exception to federal jurisdiction prevents federal courts from issuing orders involving divorce, alimony, child custody orders, and child support orders.  *Syph v. Arce*, 772 F. App'x 356, 357 (7th Cir. 2019).  This exception denies federal jurisdiction to exercise powers characteristic of a domestic relations court.  *Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006).  This exception prevents the federal courts from forcing their way into a state court matter, "particularly because state courts are assumed to have developed a core proficiency in probate and domestic relations matters." *Sykes v. Cook County Circuit Court Probate Division*, 837 F.3d 736, 741 (7th Cir. 2016); *see Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998).

Here, Plaintiffs' claims against Jane are premised on the ongoing Domestic Relations Case.  This claim is squarely within the exception to jurisdiction for domestic relations cases because Kenton is attempting to collaterally attack the actions/inactions of his adversaries and the judges in the Domestic Relations Case in this federal action.  This court does not have jurisdiction to issue any order as to the efficacy of the Domestic Relations Case or the circumstances giving rise to any issues in that state court proceeding.  Plaintiffs clearly cannot ask this court to sit as a super-appellate court to the Domestic Relations Case.  The court should dismiss this matter.

B.      <u>***Rooker-Feldman* Bars This Suit**</u>

The *Rooker-Feldman* doctrine is an important foundation for the division of power between federal and state courts, recognizing that even if a state court judgment is wrong, "that did not make the judgment void, but merely left it open to reversal or modification in an

3

appropriate and timely appellate proceeding." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *see Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023); *Sharif v. Mackoff*, No. 22-1190, 2023 WL 3971410, **3-4 (7th Cir. June 13, 2023)(holding that *Rooker-Feldman* barred federal claims alleging damages caused by state court orders in divorce proceeding).

*Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* The doctrine applies to federal claims that "directly" challenge a state court judgment or are "inextricably intertwined with one." *Johnson*, 62 F.4th at 399; *Andrade v. City of Hammond*, 9 F.4th 947, 948 (7th Cir. 2021); *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019).

In this matter, Kenton's claims against Jane are premised on various orders and actions in the ongoing Domestic Relations Case. Kenton is nevertheless asking this court to undercut or overrule the orders entered in the Domestic Relations Case and to pass judgment on Jane/Beermann's alleged actions in that proceeding. *Rooker-Feldman* clearly bars Plaintiffs' claims. *Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020)(*Rooker-Feldman* barred suit where "any finding in favor of the [plaintiff] would require [the federal court] to contradict the state court's orders"); *Lewis v. Anderson*, 308 F.3d 768, 772 (7th Cir. 2002)("[L]ower federal courts do not have jurisdiction to conduct direct review of state court decisions."); *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)("[A] plaintiff may not seek reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.")

The court should dismiss the Complaint under the *Rooker-Feldman* doctrine.

### C.     The Court Should Abstain From Hearing This Case Under *Younger*

The *Younger* abstention doctrine "directs federal courts to abstain from exercising

4

jurisdiction over federal claims that seek to interfere with pending state proceedings." *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). The doctrine applies where federal court intervention would intrude on civil proceedings implicating a state's interest in enforcing orders and judgments of its courts. *Id.* In analyzing whether *Younger* abstention is proper, a court should consider whether the state proceeding is ongoing, involves important state interest, and provides an adequate opportunity to raise constitutional challenges. *Id.*

The Complaint seeks to have this court meddle in the pending Domestic Relations Case and essentially overturn the orders/decisions of the state court judges in the case. The Domestic Relations Case is ongoing, involves an important state interest in domestic relations/child custody, and these issues should be decided in the Domestic Relations Case.

The court should abstain from hearing this matter under *Younger*.

### D. The Court Should Decline Jurisdiction Under General Abstention Principles

Under established abstention doctrines, a federal court should decline to exercise jurisdiction "where doing so would intrude upon the independence of the state courts and their ability to resolve cases before them." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 678-80 (7th Cir. 2010); *see Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018)(explaining that the abstention doctrines were "not a perfect fit, and we ultimately base our decision on the more general principles of federalism that underlie all of the abstention doctrines").

Recognizing that abstention doctrines may not be an exact fit to due process challenges in ongoing divorce proceedings, the Seventh Circuit in *Woodard* nevertheless noted the "serious federalism infringement" in allowing a plaintiff to pursue claims while the state court divorce matter was pending. *Woodard*, 997 F.3d at 723.

Moreover, as noted in *Woodard*, the adjudication of claims by a state court domestic

5

relations court loser under the guise of due process claims "threaten interference with and disruption of local family law proceedings—a robust area of the law traditionally reserved for state and local government—to such a degree as to all but compel the federal judiciary to stand down." *Id.* Citing *Courthouse News Service*, 908 F.3d at 1065, the *Woodard* court explained that abstaining from jurisdiction was proper where denying a federal forum "would 'clearly serve an important countervailing interest,' including 'regard for federal-state relations.'" *Woodard*, 997 F.3d at 723.

The same concerns raised in *Woodard* also exist in this matter as Kenton is asking this court to interfere with and disrupt the Domestic Relations Case while it is still pending. The court's failure to abstain from this matter would "reflect a lack of respect for the state's ability to resolve [the issues] properly before its courts." *Id.* The court should abstain from hearing this matter under general abstention principles.

For all these reasons, the court lacks subject matter jurisdiction over this matter and the Complaint should be dismissed.

## II.    **The Complaint Fails to State a Claim Against Jane**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. A complaint may be dismissed if the plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A sufficient complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and be supported by factual content because "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To survive a 12(b)(6) challenge, a complaint must first comply with Rule 8(a) by

providing a short and plain statement of the claim showing that the pleader is entitled to relief. *Second Amendment Arms v. City of Chicago*, No. 10-4257, 2012 WL 4464900, *3 (N.D. Ill. Sept. 25, 2012). A complaint should be dismissed as unintelligible where the complaint consists of a narrative that is prolix, digressive, and full of irrelevant details. *Amachree v. Garland*, 2023 WL 3033493, *1 (7th Cir. Apr. 21, 2023); *Mohammed v. Prairie State Legal Services, Inc.*, 2021 WL 4962988, *1 (7th Cir. Oct. 26, 2021); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011).

The Complaint fails the Rule 8(a) test because the incoherent, rambling voluminous Complaint is a stream-of-consciousness narrative, it is full of irrelevant/untrue details, the Complaint contains a plethora of inappropriate and irrelevant footnotes, the Complaint alleges various legal conclusions without the benefit of any alleged facts to support the claims, and the Complaint is brimming with unnecessary and salacious personal attacks on all of the Defendants.[1] Moreover, the Complaint fails to put "[Jane] or the court, on fair notice of the claims and does not set the stage for remotely manageable litigation." *Stanard*, 658 F.3d at 797.

The Complaint should be dismissed as unintelligible.

Even if the court does not dismiss the Complaint as unintelligible, the Complaint still fails because Plaintiffs do not plead plausible claims against Jane for abuse of process or IIED.

### A.    <u>Plaintiffs have Failed to Plead a Plausible Abuse of Process Claim</u>

Plaintiffs do not plausibly plead that Jane (or her attorneys at Beermann) used the Domestic Relations Case to accomplish some ends that are "beyond the purview of the process" or that they engaged in any improper act in the Domestic Relations Case. *Brian J. Wanca v. Oppenheim*, 2023 IL App (1st) 220273, ¶¶ 57-58; *Reed v. Doctor's Assocs., Inc.*, 355 Ill. App. 3d 865, 875-76 (1st Dist. 2005).

---

[1] Kenton alleges that Jane is "a proven" and "admitted" sex offender, which is of course untrue.

While Kenton may disagree with the length of time that the Domestic Relations Case has taken and that various judges have ruled against him in the case, these concerns do not demonstrate that the Domestic Relations Case is the product of any abuse of process by Jane.

Again, the implausibility of Plaintiffs' abuse of process claim amplifies the various issues with Plaintiffs' Complaint and the various abstention principles that require dismissal because Plaintiffs are asking this court to find that Jane and Beermann have engaged in an abuse of process where that very process is still pending in the Domestic Relations Case. For all of these reasons, Plaintiffs have failed to state a claim against Jane for abuse of process. The court should accordingly dismiss this claim with prejudice.

### B. Plaintiffs have not Pled a Plausible IIED Claim

Plaintiffs' (really Kenton's) IIED claim is allegedly premised on Jane's actions in the Domestic Relations Case. Plaintiffs cannot plead an IIED claim based on Jane's actions in the Domestic Relations Case because Jane's actions are absolutely protected by the litigation privilege for litigants. *Bedin v. Northwestern Memorial Hosp.*, 2021 IL App (1st) 190723, ¶ 40 (collecting cases); *see Johnson v. Johnson & Bell, Ltd.*, 2014 IL App (1st) 122677, ¶¶ 17-19.

For this reason, the court should dismiss Plaintiffs' IIED claim with prejudice.

### CONCLUSION

For the foregoing reasons, the court should dismiss Plaintiffs' Complaint with prejudice.

WHEREFORE, Defendant Jane Girard respectfully requests that this Honorable Court dismiss Plaintiff Kenton Girard's Complaint with prejudice and any other such further relief as this Honorable Court deems just and appropriate.

Respectfully Submitted,

JANE GIRARD,

September 5, 2025          /s/ Chris S. Wunder

Chris S. Wunder (cwunder@kpglaw.com)
Eric D. Kaplan (ekaplan@kpglaw.com)
KAPLAN & GOURNIS, P.C.
One South Wacker Drive
Suite 2400
Chicago, Illinois 60606
Phone: (312) 726-0531
Fax:  (312) 726-4928

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant, hereby certifies that he served the foregoing pleading on all counsel of record / parties by causing a true copy thereof to be transmitted by email through the CM/ECF Filing System for delivery on the date of filing.

/s/ Chris S. Wunder

9