


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Minor Child Gw et al., <br><br> Plaintiffs, <br><br> v. <br><br> Regina Scannicchio et al., <br><br> Defendants. | Case No. 1:25-cv-04551 |

## JOINT INITIAL STATUS REPORT

**1.  THE NATURE OF THE CASE**

   A.  <u>Identify the attorneys of record for each party, including the lead trial attorney.</u>

**FOR PLAINTIFFS:**

| | |
|---|---|
| Kenton Girard, *in pro se* <br> 965 Forestway Drive <br> Glencoe, IL 60022 <br> Phone: (773) 575-7035 <br> Email: kg5252@yahoo.com | Toma Makedonski Esq., *for Gw and Gr* <br> **[lead trial attorney]** <br> 1271 Old Mill Ct <br> Naperville, IL 60564 <br> Phone: (773) 727-5491 <br> Email: legaltma@gmail.com <br> Attorney No. 37672 |

**FOR DEFENDANTS ELSTER,
MIRABELLI AND BEERMANN LLP:**

| | |
|---|---|
| Kimberly E. Blair, Esq. <br> Wilson Elser <br> **[lead trial attorney]** <br> 161 N. Clark St. Ste. 4500 <br> Phone: (312) 821-6139 <br> Email: kimberly.blair@wilsonelser.com <br> Attorney No. 6272934 | Robert Merlo, Esq. <br> Wilson Elser <br> 161 N. Clark St. Ste. 4500 <br> Phone: (312) 821-6170 <br> Email: robert.merlo@wilsonelser.com <br> Attorney No. 6327312 |

**FOR DEFENDANT JANE GIRARD:**

Chris S. Wunder
Kaplan & Gournis, PC
One South Wacker Drive
Suite 2400
Chicago, IL 60606

Phone: (312) 726-0531
Email: cwunder@kpglaw.com

**FOR JUDICIAL DEFENDANTS:**

Assistant Attorney General Michael J. Bradtke
Office of the Attorney General for Illinois
**[lead trial attorney]**
115 S. LaSalle Street, Suite 2700
Chicago, IL 60602
Phone: (312) 814-1212
Email: Michael.Bradtke@ilag.gov

**FOR V. OF GLENCOE DEFENDANTS:**

| | |
|---|---|
| Jeffrey R. Kivetz, Esq.<br>The Sotos Law Firm, P.C.<br>141 W. Jackson Blvd, Suite 1240A<br>Chicago, IL 60604<br>Phone: (630) 735-3318<br>Email: jkivetz@jsotoslaw.com<br>Attorney No. 6308250 | James G. Sotos, Esq.<br>The Sotos Law Firm, P.C.<br>**[lead trial attorney]**<br>141 W. Jackson Blvd, Suite 1240A<br>Chicago, IL 60604<br>Phone: (630) 735-3300<br>Email: jsotos@sotoslaw.com<br>Attorney No. 6191975 |

James A. Kearney, Esq.
The Sotos Law Firm, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
Phone: (630) 735-3307
Email: jkearney@jsotoslaw.com
Attorney No. 6327864

    B.    <u>State the basis for federal jurisdiction.</u>

Basis for federal jurisdiction is constitutional questions, not diversity. All parties reside and work in Illinois – specifically within Cook County and Lake County – and thus there is no diversity of citizenship, moreover. Damages easily exceed $75,000.

*Defendants Elster, Mirabelli, and Beermann LLP's ("Beerman Defendants") position*: The Beerman Defendants dispute that jurisdiction is proper and set forth the grounds for the same as alternative arguments in their motion to dismiss Plaintiffs' First Amended Complaint (ECF #53).

*Defendants Kiraly and Levison's position*: Defendants Kiraly and Elster dispute that jurisdiction is proper, and they adopt arguments related to same set forth in the pending motions to dismiss (ECF #53, #55).

Judicial Defendants also dispute that jurisdiction is proper and join the arguments made in the pending motions to dismiss. Judicial Defendants will also be moving to dismiss based on judicial immunity, and lack of standing. (ECF#52).

*Defendant Girard's position*: Girard disputes that jurisdiction is proper. Girard has filed a motion to dismiss based on lack of jurisdiction and for failure to state a claim. (ECF#54.)

C. <u>Describe generally the nature of the claims asserted in the complaint and any counterclaims.</u>

*Plaintiff's position*: This case arises from the tortured history under a 43-month-long "custody proceeding" in the Cook County Domestic Relations Court in which the minor children plaintiffs have been systematically and unconstitutionally silenced, at grave risk to their futures set against the backdrop of the presumptive granting of custodial rights to their biological mother and rapist Jane F. Girard. Worse, it has come to light that opposing counsel Matthew D. Elster illicitly colluded with Defendants Levison and Kiraly – both Village of Glencoe personnel – to obstruct and derail no fewer than three criminal investigations against Jane F. Girard. Plaintiff Kenton Girard's rights have also been abrogated, wherein the Cook County judicial officers keep pushing for a "mystery trial" – under which no pleadings have been filed by Jane F. Giard – at the interminable goading of Ms. Girard's attorneys at Beermann LLP. Beermann attorneys are currently pushing the custody proceeding forward even though the minor children will reach majority age on February 15, 2026, or just over 4 months from now and there is no possible remedy in the case.

There are no counterclaims or third-party claims at this time. Plaintiffs' claims are listed below:

**Count I** VIOLATION OF FIRST AMENDMENT

Gw and Gr's multiple motions to intervene – most recently via their counsel Toma Makedonski – have been summarily stricken or disregarded in affront to the First Amendment.

A "sanctions scheme" involving Cook County Judge Eileen M. O'Connor is explored, wherein Hon. O'Connor recently awarded sanctions to Beermann LLP (Defendant Elster's law firm) because Plaintiff Kenton Girard filed the amended pleading hereunder in ostensible violation of her federalism offending directive *that Kenton Girard may not sue lawyers or judges in any forum*. Hon. O'Connor is now an additional defendant for violating Plaintiff Kenton Girard's First Amendment right to file a federal lawsuit.

Judge Robert W. Johnson is also liable hereunder because he suppressed motions and papers brought by Plaintiff Kenton Girard and the minor children (via their attorney Toma Makedonski). Judge Johnson also awarded 137 sanctions to Beermann LLP for Kenton's filing of a Substitution of Judge for Cause against Judge Johnson. Beermann did not reply to the motion, they simply verbally asked for the sanction and Judge Johnson granted it after denying the SOJ against himself. The sanction was not reduced to writing.

**Count II** VIOLATION OF RIGHT TO A REMEDY

Not only have the motions to intervene been casually jettisoned by the sequence of judicial officers under the custody proceedings. Additionally, extremely serious jurisdictional and procedural defects have materialized and all of the papers penned by Plaintiff Kenton Girard directed towards addressing those defects have also been summarily ignored.

As above, Hon. O'Connor is now an additional defendant for violating Plaintiff Kenton Girard's right to a remedy wherein he has a constitutionally protected right to seek redress in District Court.

Judge Robert W. Johnson is also liable hereunder because he suppressed motions and papers brought by Plaintiff Kenton Girard and the minor children (via their attorney Toma Makedonski).

**Count III**      CIVIL CONSPIRACY

The trio of Beermann LLP attorney Matthew D. Elster and Village of Glencoe personnel Philip Kiraly and Bradley Levison are responsible for intentionally engaging in a coordinated scheme to obstruct at least three (3) criminal investigations into Jane F. Girard, illicitly protecting her in order to maintain the viability of her judicial pursuit of a custody remedy.

**Count IV**      VIOLATION OF RIGHT TO FAIR NOTICE OF CLAIMS

The "mystery trial" was proceeding according to Judge Yu on May 1-2, 2025 without any pleadings. This is an unconscionable state of affairs. Plaintiff Kenton Girard is entitled to know the causes of action which lie against him. Plaintiff notes that private attorneys can be sued under Section 1983 wherein they are acting in an inappropriate and concerted manner with state officials (such as judicial officers).

**Count V**      NEGLIGENCE

The Defendants knew at all times of Jane F. Girard's history of sexual abuse and rape directed at the minor children Gw and Gr. Under the Illinois Crime Victims Bill of Rights, moreover, their rights have been intentionally and systematically violated.

Plaintiffs filed First Amended Complaint on July 15, 2025 by right under FRCP 15(a)(1)(B) adding the following counts:

**Count VI**      ABUSE OF PROCESS

Defendant Jane F. Girard masterminded the vexatious, time-barred and baseless state court proceedings – all the while knowing she was divested of a judicial custody remedy because she had sexually abused her children – for the improper purposes of (a) inflicting emotional distress on the minor children, and causing mental anguish and torment for Kenton Girard, and (b) sustaining a distraction from the reality that she should personally face felony criminal prosecution for her history of sex abuse and rape targeting the minor children. The lead attorneys Elster and Mirabelli, and the Beermann LLP are also liable hereunder.

**Count VII**      INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Insofar as the psychopathic/sociopathic Jane F. Girard instituted and continues to sustain (way beyond the 18 month time limit imposed under Supreme Court Rule 922) the state court proceedings, the minor children remain parties in interest with their rights continuing to be abrogated under the Illinois Crime Victims Bill of Rights as to notice and participation under court dates.

With the state court proceedings now at 43 months and the minor children a few months from their 18th birthday, moreover, Beermann LLP is guilty of sustaining a proceeding which should have been long terminated. The effects on the minor children are substantial: both are in therapy for the severe and continuing trauma caused by the (illegitimate) state court proceedings.

*Beermann Defendants' position*:
- The Beermann Defendants deny all allegations. They note and incorporate their arguments in their operative Motion to Dismiss (ECF #53).
- The Beermann Defendants maintain that any attempt to amend the Complaint should be denied; the arguments in their motion are dispositive as a matter of law and no amendment would alter that.
- The Beermann Defendants wholly reject the far-fetched and untrue claims and arguments above.
- What Plaintiff calls a "sanctions scheme" is evidently related to the fact that Judge O'Connor granted Rule 137 Sanctions against Kenton Girard in a lawsuit that he brought against other Beermann LLP attorneys in the Circuit Court of Cook County, Illinois, Law Division.
- The Beermann Defendants note that Plaintiffs and Attorney Makedonski have been served with a Rule 11 letters related to this matter, one relating to the original complaint and another related to the First Amended Complaint
- The Beermann Defendants deny all allegations. In addition, the claims against them fail as a matter of law, for the following reasons (among others): (1) the Minor Children are unrepresented and ostensibly suing despite being minors without an appointed representative; (2) the absolute litigation privilege bars the claims; (3) The Beermann Defendants owed Plaintiffs (non-client third-parties) no duty; (4) the claims ostensibly allege The Beermann Defendants , non-state actors, violated Constitutional rights; (5) the "fair notice of claims" Count is not a cause of action here, and the allegations are demonstrably false by way of matters for which judicial notice can be taken; (6) the purported Section 1983 claims are not Section 1983 claims; (7) jurisdiction is lacking.

*Defendants Kiraly and Levison's position*:

- Plaintiffs have pled a state-law civil conspiracy claim against Kiraly and Levison in Count III of the Amended Complaint. Kiraly and Levison deny all allegations asserted against them.
- Defendants Kiraly and Levison note and incorporate their arguments set forth in their operative Motion to Dismiss (ECF #55). They argue dismissal of the conspiracy claim is appropriate, *inter alia*, because: (1) Attorney Makedonski lacks standing to represent the minor children; (2) an array of abstention doctrines precludes this Court from addressing Plaintiffs' claims; (3) the inadequacy of the direct liability claims asserted against Elster; (4) the inadequacy of the civil conspiracy claim pled against Kiraly and Levison under

- both a state or federal law analysis; and (5) Illinois' Tort Immunity Act provides immunity for public employees. Kiraly and Levison deny that any amended pleading would cure deficiencies identified in Plaintiffs' Complaint.
- Defendants Kiraly and Levison assert that any attempt to further amend the Complaint should be denied.

*Judicial Defendants' position*: They deny the allegations against them and join Defendant Elster's argument as to the minor Plaintiffs. Judicial Defendants are entitled to absolute judicial immunity in this case.

*Defendant Giard's position*: Plaintiffs have failed to plead a coherent Complaint that is in compliance with Rule 8 and Plaintiffs fail to state claims against Girard for abuse of process or IIED. (ECF#54.) Girard has accordingly filed a motion to dismiss the Complaint. (ECF#54.)

    D.    <u>State the major legal and factual issues in the case.</u>

*Plaintiffs' position*: The following factual issues are material to this case:

F1.    Did Defendants Elster, Levison and Kiraly actively work together in concert with the illicit and intended objective of obstructing the criminal investigations of Jane F. Girard?

F2.    Given the backdrop of the missing judicial transfer orders from January 2025, Hon. Fernandez's self-recusal in open court on October 18 2024, and other jurisdictional fatal defects, can the judicial defendants claim judicial immunity?

F3.    Judge Johnson and Judge Scannachio most recently added to the missing judicial transfer orders when Judge Arce transferred the case back to Calendar 01 (Scannicchio), but then signed a motion to deny a motion to reconsider without the case being transferred back to him. Then Judge Johnson took the case without any transfer order from Judge Scannicchio to deny the SOJ for cause against himself and another for Judge Yu. Judge Johnson transferred it back to calendar 01 and then after receiving a motion to reconsider, signed an order denying the motion to reconsider. All of this was done without proper transfer orders.

As such, the following legal issues are central to the case at bar:

L1.    Does the lack of pleadings by Jane F. Girard de-legitimize the custody proceedings to the point wherein those proceedings lack the force of law?

L2.    Has Plaintiff been adequately notified of the "claims" against him for the mystery trial in the domestic relations matter?

L3.    Given the morass regarding missing judicial transfer orders, is there any colorable basis for any judicial actions taken subsequent to the missing transfers?

L4.    Wherein the state court proceedings facially violate the time limit under Supreme Court Rule 922, have been terminated under DWP in December 2024, and jurisdiction continues to be exercised in an affront to federal jurisdiction, can the Abuse of Process count and the Section 1983 counts be adjudicated under partial summary judgment in the

near future?

*The Beermann Defendants' position*: Fact issues: The allegations are false and matters for which judicial notice is proper is demonstrative thereof. Legal issues: The Beermann Defendants incorporate their motion to dismiss (ECF #53) and Nos.: (1)-(7) that they list in the above section. Further with regard to jurisdiction, the Complaint fails to establish Federal question jurisdiction, and abstention doctrines apply.

*Defendants Kiraly and Levison's position*: Kiraly and Levison deny all allegations asserted against them. The fact issue presented vis-à-vis Count III of the Complaint is whether Kiraly, Levison, and Elster conspired with each other to suppress and/or unlawfully intervene in criminal investigations involving Jane F. Girard. Kiraly and Levison incorporate their Motion to Dismiss (ECF #55) and the legal issues/defenses set forth inthe preceding section which highlight why their dismissal is appropriate.

*Judicial Defendants' position*: They deny the allegations in the complaint and will be asserting judicial immunity and lack of standing when they move to dismiss Plaintiff's complaint. Judicial Defendants joinDefendants Elster in arguing that the complaint fails to establish federal question jurisdiction and that abstention doctrines apply.

*Defendant Girard's position*: Girard denies all of the allegations in the Complaint against her. The alleged "factual issues" set forth by Plaintiffs in this status report are not factual issues at all as they have been manufactured by Plaintiffs. Girard incorporates the arguments set forth in her motion to dismiss. (ECF#54.)

  E. <u>Describe the relief sought by the plaintiff (and counter-claimant).</u>

For the constitutional violations, nominal damages are sought. For the civil conspiracy and negligence causes of action, monetary damages are sought. Plaintiffs also seek attorneys fees and costs.

**2. PENDING MOTIONS AND CASE PLAN**

  A. <u>State the status of service of process on each defendant.</u>

The Judicial Defendants have each agreed to waivers of service and filed a motion to dismiss (ECF #52).

The Beermann Defendants have filed a Motion to Dismiss (ECF #30) and then a motion to dismiss the first amended complaint (ECF #53). Plaintiffs Response is due October 14, 2025 and the Beermann Defendants' reply is due October 28, 2025 (ECF #45).

Defendants Kiraly and Levison have each agreed to waivers of service dated May 9, 2025, providing 60 days to answer from May 7, 2025. Kiraly and Levison have filed a motion to dismiss the first amended complaint (ECF #55).

Defendant Jane Girard filed a motion to dismiss. (ECF#54.)

B. <u>Identify all pending motions.</u>

All Defendants filed Motions to Dismiss the Amended Complaint on September 5, 2025 (ECF #52, 53, 54 & 55).

Plaintiffs Response is due October 14, 2025 and Defendant Replies are due October 28, 2025.

C. <u>Submit a proposed discovery plan, including the following information:</u>

The Beermann Defendants note that the Court stayed all discovery pending decision on the motions to dismiss. (ECF #45).

    i. *the general type of discovery needed*.

Plaintiffs propose written discovery, subpoenas and depositions.

    ii. *a date for Rule 26(a)(1) disclosures*.

Plaintiffs propose December 5, 2025.

    iii. *a date to issue the first-set of written discovery requests*.

Plaintiffs propose that written discovery be opened once the forthcoming motions to dismiss are resolved.

    iv. *a fact discovery completion date*.

Plaintiffs propose nine (9) months after the opening of written discovery.

    v. *an expert discovery completion date, including dates for the delivery of expert reports (or summaries for non-retained expert testimony)*.

N/A

    vi. *a deadline under Civil Rule 16(b) to add parties or to amend pleadings*.

Plaintiffs propose 90 days after the last responsive pleadings are filed by Defendants.

    vii. *a date for the filing of dispositive motions*.

Plaintiffs propose 90 days after the close after the fact discovery completion date.

*The Beermann Defendants'*: No discovery is needed and none should be allowed; Plaintiffs' claims fail as a matter of law and are frivolous. Discovery is stayed per this Court's order. (ECF #45).

*Defendants Kiraly and Levison's position*: Kiraly and Levison believe that it would be premature to engage in any discovery or set any discovery deadlines given the legal

issues raised in the pending motions to dismiss and discovery is currently stayed pending a ruling on all defendants' respective motions to dismiss. (ECF # 45).

*Judicial Defendants' position*: They suggest discovery be stayed pending ruling on the various motions to dismiss.

*Defendant Girard's position*: Discovery should be stayed pending resolution of the various motions to dismiss.

D. <u>State whether jury trial is requested and the probable length of trial (including jury selection, jury addresses, and jury deliberations).</u>

Plaintiffs have requested a jury trial and anticipate that four (4) days shall suffice for the presentation of the trial from opening through closing statements. Plaintiff believes jury selection and jury addresses will require two (2) days and jury deliberations will occupy two (2) days.

*Defendants' position*: N/A

E. <u>State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).</u>

Plaintiffs agree.

The Beermann Defendants agreed, have appeared and have moved to dismiss.

Judicial Defendants agree.

*Defendants Kiraly and Levison*: Kiraly and Levison agree to service of pleadings and other papers by electronic means as permitted by Federal Rule of Civil Procedure 5(b)(2)(E).

Defendant Girard agrees.

**3. MAGISTRATE JUDGE**

A. <u>State whether the parties consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgement. The Court *strongly* encourages parties to consent to the jurisdiction of the Magistrate Judge. Of course, the parties are free to withhold consent without any adverse substantive consequences.</u>

The parties do not unanimously consent to proceeding before the magistrate at this time.

**4. STATUS AS TO SETTLEMENT**

A. <u>State whether any settlement discussions have occurred.</u>

No discussions have occurred.

B. <u>Describe the status of any settlement discussions.</u>

N/A.

        C.      <u>Whether the parties request a settlement conference.</u>

Plaintiffs are in favor. However, Defendants are not in favor.

**Dated: October 1, 2025**                              Respectfully Submitted,

| | |
|---|---|
| **KENTON GIRARD**, <br> *in pro se* | **TOMA MAKEDONSKI, ESQ.**, <br> *for minor children Gw and Gr* |
| /s/ Kenton Girard <br> 965 Forestway Drive <br> Glencoe, IL 60022 <br> (773) 575-7035 <br> kg5252@yahoo.com | /s/ Toma Makedonski <br> 1271 Old Mill Ct <br> Naperville, IL 60564 <br> (773) 727-5491 <br> legaltma@gmail.com |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 1, 2025, I caused a true and correct copy of the foregoing to be served via email on the counsel of record.

                                    /s/ Kenton Girard