IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MINOR CHILD GW, <br> MINOR CHILD GR, and <br> KENTON GIRARD, <br><br> Plaintiffs, <br><br> v. <br><br> JUDGE REGINA A. SCANNICCHIO, <br> JUDGE ROSSANA P. FERNANDEZ, <br> JUDGE WILLIAM YU, <br> JUDGE ROBERT W. JOHNSON, <br> JUDGE EILEEN M. O'CONNOR, <br> PHILIP A. KIRALY, <br> BRADLEY S. LEVISON, <br> JANE F. GIRARD, <br> MATTHEW D. ELSTER, <br> ENRICO J. MIRABELLI, and <br> BEERMANN LLP, <br><br> Defendants. | No. 25-cv-04551 <br><br> Honorable Sara L. Ellis |

## DEFENDANTS PHILIP KIRALY AND BRADLEY LEVISON'S
## REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

In their Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") the Moving Defendants (Kiraly and Levison) made a host of arguments warranting dismissal of Plaintiffs' claims against them. (Dkt. 55, "Motion.") Two weeks ago, Plaintiffs filed their Combined Opposition to all Defendants' Motions to Dismiss on October 13, 2025. (Dkt. 60, "Response.")

Unsurprisingly, the Response sets forth no plausible argument as to how Plaintiffs can overcome the Rule 12(b) arguments raised against them. The standing/representation concerns raised vis-à-vis the Minor Children have not been cured, the suite of Defendants sued have fulsomely demonstrated that abstention is appropriate, and Plaintiffs have not adequately established that they have met the bare minimum pleading requirements necessary for their

merits claims to survive a motion to dismiss. For all the reasons laid out in the respective motions to dismiss, and as expounded upon below, the Moving Defendants should be dismissed, with prejudice.

I. **Plaintiffs Have Not Cured the Standing Defect Concerning the Minor Children**

The Moving Defendants argued in their Motion that the Minor Children lacked standing to sue without a formal representative. (Dkt. 55, Mot. at 5.) Plaintiffs responded that this argument is mooted by the fact that Makedonski's application to appear *pro hac vice* on behalf of the Minor Children was granted by Judge Chang, and that they are joined by their father and co-plaintiff, Kenton Girard, thus satisfying the "next friend" requirements of Rule 17. (Dkt. 60, Resp. at 1.)

That Makedonski's *pro hac vice* application was granted, however, does nothing to vitiate the legal fact that the Minor Children lack standing to sue without a formal representative. Fed. R. Civ. P. 17(c). Here, Girard represents himself only, and despite argument to the contrary, he is not prosecuting any claims as "next friend" of the Minor Children, and Attorney Makedonski has not appeared on Girard's behalf to do so. (Dkt. 38, FAC at 1.)

Generally, a next friend may not initiate a lawsuit on behalf of a minor party without the assistance of counsel. *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010). Even with attorney representation, the Minor Children have no formal representative, and thus they lack standing. *See Tuttle v. Ill. Dep't of Child. & Fam. Servs.*, 7 F.3d 238 (table) (7th Cir. 1993) (minors may litigate only through someone acting in a representative capacity). Further, "[a] parent may sue on behalf of his minor child as next friend if the parent is represented by counsel and has no interests that conflict with the those of the child." *Id*.

Neither condition is met here as Girard is not represented by counsel, and there are various underlying state court domestic proceedings in which Girard and his ex-wife, Jane Girard, are litigating issues involving the Minor Children, strongly supporting an inference that Girard's interests are in conflict with those of his children. Thus, to the extent the Minor Children are attempting to bring any claims against the Moving Defendants, those claims should be dismissed.

## II. The Moving Defendants Fully Incorporate & Adopt Their Codefendants' Arguments Concerning Abstention (All Counts)

At this juncture, the Court has been sufficiently inundated with an influx of arguments why abstention is appropriate. In fact, on this point, the Court recently cautioned Plaintiffs at the parties' October 8, 2025 status hearing that a district court cannot get involved in or oversee what a state law judge does in a custody dispute based on well-settled case law. In other words, Plaintiffs have come to wrong forum. Moreover, Plaintiffs were explicitly advised that abstention was appropriate as to similarly pled claims in *Girard et al. v. Village of Glencoe, Illinois, et. al*, No. 24-cv-06882, Dkt. 121 (N.D. Ill. Aug. 12, 2025) (dismissal, without prejudice, on abstention grounds entered by Judge Pallmeyer).

Astonishingly, Plaintiffs remain unabashed in their attempts to assert specious claims against anyone who has the misfortune of being drawn into the cyclone of Girard's failed marriage. The Moving Defendants, who have already incorporated the Beermann Defendants' initial arguments concerning abstention, (*see* Dkt. 55, Mot. at 6–8), will not regurgitate all the reasons abstention is appropriate here, save to say that even a cursory reading of Plaintiffs' Response supports that Plaintiffs have once again come to federal court to redress a litany of grievances related to state court decisions. (Dkt. 60.) Once again, the Moving Defendants fully incorporate and adopt the abstention arguments made in their various codefendants' briefs as if fully stated herein, and they

3

request dismissal on abstention grounds. (Dkt. 62, Def. Jane Girard's Reply at 2-4; Dkt. 64, Beermann Defs.' Reply In Support of Their Mot. to Dismiss at 8-10.)

### III.   The Civil Conspiracy Claim Fails (Count III)

The Moving Defendants argued that the civil conspiracy claim fails because no standalone underlying claim survives Defendants' various motions to dismiss, which is necessary to support conspiracy. (Dkt. 55, Mot. at 9.) Rather than rebut this argument, Plaintiffs devote two pages of their Response to a regurgitation of the FAC's conclusory allegations, ostensibly because they are unable to rebut the legal arguments raised by Defendants. Accordingly, instead of rehashing arguments previously asserted pertaining to the insufficiency of the "conspiracy" allegations, the Moving Defendants direct the Court thereto, and they request dismissal for the reasons already stated. (*Id.* at 10–13.)

That said, the Moving Defendants highlight that, perplexingly, Plaintiffs' Response largely complains of the sufficiency of criminal investigations against Jane Girard, (Dkt. 60, Resp. at 20–21), while simultaneously acknowledging that the Glencoe Police Department *did* investigate Jane Girard "twice—or thrice." (*Id.* at 22.) The Response also reinforces that the additional torts pled against alleged coconspirator, Elster, cannot serve as the basis underlying the conspiracy claim, because those additional claims do not involve and/or implicate the alleged conduct, actions, and/or inactions of the Moving Defendants. (*Id.* at 16–20.) Rather, the additional offending conduct asserted against Elster pertains to his involvement in ongoing state court proceedings in which the Moving Defendants played no role. (*Id.*) Importantly, the failure to address the legal insufficiency of the civil conspiracy claim constitutes waiver, warranting dismissal for that reason alone. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

4

Finally, Plaintiffs allege that the Tort Immunity Act does not immunize the Moving Defendants because "of the carve-out for willful and wanton behavior." (Dkt. 60, Resp. at 21.) However, "to recover for willful and wanton conduct, a plaintiff must first plead the elements of negligence (duty, breach of duty, injuries proximately caused by the breach) and then also plead a heightened state of mind." *Papadakis v. Fitness 19 IL 116, LLC*, 148 N.E.3d 648, 653 (Ill. App. Ct. 2018). The Illinois Supreme Court defines willful and wanton conduct as "either a deliberate intention to harm or a conscious disregard for the plaintiff's welfare." *Jane Doe-3 v. McLean Cnty. Unit Dist. No. 5 Bd. of Directors*, N.E.2d 880, 887 (Ill. 2012). Because the FAC does not allege that the Moving Defendants acted with any deliberate intention to harm Plaintiffs nor a conscious disregard for Plaintiffs' welfare, the Moving Defendants are thus entitled to immunity.

## CONCLUSION

For the reasons stated, Defendants Philip Kiraly and Bradley Levison respectfully request this Court grant their Motion to Dismiss the First Amended Complaint, dismiss them from this case with prejudice, and award any other relief the Court deems equitable and just.

Dated: October 28, 2025

Respectfully submitted,

/s/ Jeffrey R. Kivetz
JEFFREY R. KIVETZ, Attorney No. 6308250
*One of the Attorneys for Defendants,*
*Philip A. Kiraly and Bradley S. Levison*

James G. Sotos
Jeffrey R. Kivetz
James A. Kearney
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
(630) 735-3300
jkivetz@jsotoslaw.com

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on October 28, 2025, I electronically filed the foregoing **Defendants Philip Kiraly and Bradley Levison's Reply In Support of Their Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed on the below Service List:

***Pro Se Plaintiff***
Kenton Girard
965 Forest Way Drive
Glencoe, IL 60022
773-575-7035
kg5252@yahoo.com

***Attorney for Minor Plaintiffs, GR and GW***
Toma Makedonski
Law Office of Toma Makedonski
1271 Old Mill Ct
Naperville, IL 60564
(773) 727-5491
Fax: Pro Hac Vice
legaltma@gmail.com

***Attorneys for Defendants Judge Rosanna P. Fernandez, Judge Regina A. Scannachio, Judge Wiliam Yu, Judge Eileen M. O'Connor Robert W. Johnson,***
Michael James Bradtke
Office of the Illinois Attorney General
115 South LaSalle Street, 27th Floor
Chicago, IL 60603
(224) 278-8343
Michael.bradtke@ilag.gov

***Attorneys for Defendants, Matthew Elster (Mr. Elster), Enrico J. Mirabelli (Mr. Mirabelli), and Beermann LLP***
Kimberly E. Blair
Robert F. Merlo
Wilson Elser Moskowitz Edelmann & Dicker, LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60606
(312) 812-6139
kimberly.blair@wilsonelser.com
robert.merlo@wilsonelser.com

***Attorneys for Defendant, Jane Girard***
Chris S. Wunder
Eric D. Kaplan
KAPLAN & GOURNIS, P.C.
One South Wacker Drive
Suite 2400
Chicago, Illinois 60606
(312) 726-0531
cwunder@kpglaw.com
ekaplan@kpglaw.com

        /s/ Jeffrey R. Kivetz
        JEFFREY R. KIVETZ, Attorney No. 6308250
        *One of the Attorneys for Defendants*
        *Philip Kiraly and Bradley Levison*