IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENTON GIRARD, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Case No. 1:25-cv-04551 |
| | ) |
| v. | ) Judge Sara L. Ellis |
| | ) |
| JUDGE REGINA A. SCANNICCHIO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**JUDICIAL DEFENDANTS' REPLY IN SUPPORT OF THEIR
RULE 12(b)(1) & 12(b)(6) MOTION TO DISMISS**

Defendants Judges Regina A. Scannicchio, Rossana P. Fernandez, William Yu, Robert W. Johnson, and Eileen M. O'Connor ("Judicial Defendants"), by their attorney, Kwame Raoul, Attorney General of Illinois, in reply in support of their motion to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) state as follows:

**INTRODUCTION**

As stated in Judicial Defendants' motion to dismiss, Plaintiff Kenton Girard has filed several lawsuits against the parties (including Judicial Defendants) involved in his pending domestic relations case. In their motion to dismiss, Judicial Defendants established that the current case should be dismissed for four reasons. First, the minor children lack standing to sue on their own behalf and cannot be represented by Toma Makedonski, as he is not licensed to practice in the Northern District. Second, the *Rooker-Feldman* or *Younger* doctrines preclude Plaintiff's claims against Defendant Judges, as Plaintiff is attempting to have this Court review judicial decisions from state court domestic relations and law division cases. Third, the Court should abstain from hearing this case based on principles of federalism and comity. Fourth, Defendant Judges are

1

entitled to judicial immunity with respect to all actions taken in their judicial capacity. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Plaintiff's arguments in response are unavailing. Plaintiff states Attorney Toma Makedonski has filed his *pro hac vice* application and can now represent the minor children, but this is incorrect because still not proper parties before the Court. Plaintiff tries to avoid the *Rooker-Feldman* doctrine by claiming that he is challenging "extra-judicial" orders, which is nonsensical, as he challenges a case management order, a dismissal for want of prosecution, a judicial transfer, trial setting, and sanctions. Plaintiff is also wrong in claiming that *Younger* applies only in criminal cases; it is well-established that the doctrine also applies to civil cases. Plaintiff's response to abstention fares no better. Contrary to his assertion, overturning orders in a domestic relations case would clearly intrude on the independence of state courts. Finally, Plaintiff's claims are barred by the doctrine of judicial immunity. Plaintiff asserts that the judges acted without jurisdiction, but this is incorrect. The judges entered orders in state domestic relations cases to which they were assigned. Plaintiff's claims should be dismissed.

## ARGUMENT

### I.     The minor children are not proper parties.

Judicial Defendants join the argument made by Defendants Elster, Mirabelli, and Beermann LLP in their Reply in Support of their Motion to Dismiss that the minor children are not proper parties before this Court. (ECF No 64 at 2).

### II.    The *Rooker-Feldman* and *Younger* doctrines bar Plaintiff's claims against Judicial Defendants.

*Rooker-Feldman* prohibits lower federal courts from exercising jurisdiction over cases challenging state court judgments rendered before commencement of district court proceedings. *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023). When the *Rooker–Feldman* doctrine

applies, dismissal for lack of subject-matter jurisdiction is the only proper disposition. *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). *Younger* applies when there is a parallel, pending state proceeding and any federal rulings would "implicate a state's interest in enforcing the orders and judgments of its courts." *Spring Comm. Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). Plaintiff cannot run to federal court to overrule the decisions of a state court judge. Here, Plaintiff seeks to do just that. He is asking this Court to review state court rulings. Both *Rooker-Feldman* and *Younger* preclude Plaintiff from doing so.

In their opening brief, Judicial Defendants explained that the *Rooker-Feldman* and *Younger* doctrines bar Plaintiff's claims against them because Plaintiff is essentially asking this Court to review state court rulings in an ongoing state court case. In response, Plaintiff claims that *Rooker-Feldman* does not apply because the orders entered in the underlying domestic relations case were extra-judicial orders and that *Younger* only applies in criminal cases.

Both arguments fail. *Rooker-Feldman* applies because Plaintiff's claims arise in direct challenge to the state court orders entered in Plaintiff's ongoing domestic relations case, including a case management order, a dismissal for want of prosecution, a judicial transfer, trial setting, and sanctions. (ECF No. 38 ¶¶ 54-56, 68, 74, 96). And Plaintiff misstates the law when he argues that *Younger* only applies to criminal matters; *Younger* applies to non-criminal matters as well. *See Doe v Lindell*, 2023 U.S. App. Lexis 988, (7th Cir.2023).

Plaintiff also misapplies *Hadzi-Tanovic v. Johnson,* 62 F.4th 394 (7th Cir. 2023). In that case, the district court found *Rooker-Feldman* did not apply but dismissed plaintiff's complaint citing general principles of abstention. *Id* at 396. However, the Seventh Circuit held that *Rooker-Feldman* was applicable because the plaintiff's injury was effectuated by the state court judgment.

3

*Id.* at 408. Thus, *Hadzi-Tanovic* supports the application of *Rooker-Feldman* in this case, where Plaintiff's injury is likewise effectuated by the state court's judgment.

Accordingly, Plaintiff's claims against Judicial Defendants (Counts I, II, IV, and V) should be dismissed.

### III. This Court should decline to hear Plaintiff's claims against the Judicial Defendants based on principles of federal abstention.

In their opening brief, the Judicial Defendants explained that even if the *Rooker-Feldman* and *Younger* doctrines do not apply, the Court should abstain based on general principles of federalism and comity. As the Seventh Circuit recognized in *J.B. v Woodard*, even if a recognized abstention doctrine is not an exact fit, abstention can be appropriate because "[t]o insist on literal perfection" based on a complaint's allegations "risks a serious federal infringement." 997 F.3d 714, 723 (7th Cir. 2021) (declining to exercise federal jurisdiction in a due process custody claim). In response, Plaintiff argues that it would not be an intrusion on the sovereignty of the state court for this Court to overturn a state court order entered in a case because the orders were "null and void and time barred at this time." ECF No. 60 at 12-13. This is incorrect. To overturn case management orders entered by Judge Fernandez and Judge Yu and micromanage the conduct of the state court proceedings would certainly "intrude upon the independence of the state courts and their ability to resolve the cases before them." *J.B*, 997 F.3d at 721-22 (quoting *SKS & Assocs. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010)).

As in *J.B.*, abstention is appropriate here. To entertain Plaintiff's claims would 'reflect a lack of respect for the state's ability to resolve [these issues] properly before its courts.'" *J.B.*, 997 F.3d at 722 (quoting *SKS & Assocs.*, 619 F.3d at 679). Plaintiff's claims are directly related to an underlying state court case and deciding Plaintiff's claims in this case would necessarily require this Court to review those judgments, implicating principles of federalism and comity.

4

Accordingly, this Court should abstain from hearing Plaintiff's claims against the Judicial Defendants and Counts I, II, IV, and V should be dismissed.

### IV. Plaintiff's claims are barred by the doctrine of absolute judicial immunity.

Finally, the Judicial Defendants explained that they are entitled to absolute judicial immunity. Plaintiff does not dispute that the alleged actions of the Judicial Defendants in Plaintiff's domestic relations case (*i.e.*, rulings in that case) are indisputably "judicial in nature." *See, e.g.*, *Brokaw v. Mercer*, 235 F.3d 1000 (7th Cir. 2000); *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) (rulings in divorce proceedings are judicial acts). He instead argues that judicial immunity is not applicable here because Judicial Defendants acted without jurisdiction, citing *Kowalski v. Boliker*, 893 F.3d 987, 998 (7th Cir. 2018). ECF No. 60 at 4.

But *Kowalski* is easily distinguishable. In *Kowalski*, the plaintiff alleged that Judge Boliker acted outside her judicial capacity and negatively influenced his divorce proceedings pending before Judge Dickler when Judge Boliker labeled plaintiff a security threat. *Kowalski*, 893 F.3d at 998. The district court dismissed Kowalski's suit based on judicial immunity for the judges; the Seventh Circuit affirmed but found Judge Boliker was not entitled to judicial immunity because of "her interference in a case to which she was never assigned and over which she had no responsibility. *Id.* The court went on to explain that "Judge Boliker cannot assert judicial immunity over matters so far removed from matters under her jurisdiction." *Id. Kowalski* is clearly distinguishable from the case at bar. Here, Plaintiff's case was assigned to each of the judicial defendants at the time they entered orders in his case. It is also undisputed that Plaintiff is challenging the rulings by Judicial Defendants entered in Plaintiff's domestic relations case. ECF No. 38 ¶¶ 54-56, 68, 74, 96. Each of the Judicial Defendants were assigned to Plaintiff's case when they entered orders making Plaintiff's reliance on *Kowalski* misplaced. Plaintiff therefore

5

cannot credibly argue that Judicial Defendants acted without jurisdiction. The doctrine of judicial immunity applies in exactly these cases and bars this suit against Judicial Defendants.

As previously stated, Judicial Defendants vehemently deny Plaintiff's allegations that they accepted bribes, conspired to accept bribes, or committed fraud upon the court by entering orders that Plaintiff believes violated Illinois law. But even if Plaintiff's conclusory allegations had any merit, which they do not, such allegations cannot defeat absolute judicial immunity. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (judge immune from damages in a conspiracy case alleging bribery); *see also Nesses v. Shepard*, 68 F.3d 1003, 1006 (7th Cir. 1995) (recognizing judicial defendants were entitled to have suit dismissed on grounds of immunity in case alleging "massive, tentacular conspiracy among the lawyers and the judges to engineer" plaintiff's defeat). Accordingly, Counts I, II, IV, and V, are barred by judicial immunity and must be dismissed for this reason as well.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's claims against Judicial Defendants (Counts I, II, IV, and V) with prejudice.

Respectfully submitted,

By: */s/ Michael J. Bradtke*

Michael J. Bradtke
Assistant Attorney General
115 S. LaSalle Street, Suite 2700
Chicago, Illinois 60603
(312)814-1212
Michael.Bradtke@ilag.gov
*Counsel for Judicial Defendants*