

**FILED**
4/22/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| MINOR CHILD GW et al., | Civil No.    1:25-cv-04551 |
| Plaintiffs, | District Judge Sara L. Ellis |
| v. | **Plaintiffs' Notice to Court Regarding Status of Related Matters** |
| SCANNICCHIO et al., | |
| Defendants. | |

Plaintiffs GW, GR, via their counsel Toma Makedonski Esq, and Kenton Girard in pro se, for their Notice to Court Regarding Status of Related Matters hereby state as follows:

**1.** The Cook County Circuit Court has been divested of all jurisdiction to make custody-related determinations under the Illinois Constitution, Article VI, Section 9 wherein Plaintiffs GW and GR attained majority age on February 15 2026. Such fact has been confirmed under *In re the Emancipation of GW and GR*, Cook County Case No. 2024-COMS-000016, pursuant to the order entered by Cook County Circuit Judge Catherine A. Schneider on March 9 2026 (**Exhibit 1**).

**2.** The post-decree proceedings under the Custody Lawsuit (*IRMO Girard*, Cook County Case No. 2015-D-009633) were initiated by Defendant Jane F. Girard in 2022 in order to obtain custody-related determinations from the Cook County Circuit Court.

**3.** With no custody-related determinations yet ordered by the Cook County Circuit Court, the Custody Lawsuit was removed to federal court on February 3 2026. Two separate federal judges presiding over the removed matter confirmed (a) the notice of removal was jurisdictionally operative, and (b) the notice of removal in fact removed the Custody Lawsuit from the Cook County Circuit Court (**Exhibits 2**, **3**).

1

**4.** Despite such facts, counsel for Jane F. Girard goaded the Cook County Associate Judge William Yu (who presided over the Custody Lawsuit before the matter was removed to federal court) to rule (a) the notice of removal is a "nullity", and (b) the notice of removal did not remove the Custody Lawsuit (**Exhibit 4**). Under that order, Judge Yu proceeded to conduct a state court trial during February 4-6 2026 and distilled a subsequent ruling.

**5.** Because District Judge Jeremy C. Daniel wholly rejected Cook County Associate Judge Yu's characterization of the notice of removal filed on February 3 2026 both as to the "nullity" theory and as to the "did not remove anything" theory in his remand order (**Exhibit 3**) on April 2 2026, under the application of 28 U.S.C. § 1446(d) the state court was divested of jurisdiction until remand on April 2, 2026 – at which point GW and GR were already legal adults. Therefore the Custody Trial trial and resulting order are void and cannot be "re-done".

Dated: April 22, 2026                              Respectfully Submitted,

for Kenton Girard:                                 for Minor Child Gw and Minor Child Gr:

/s/ Kenton Girard                                  /s/ Toma Makedonski, Esq.
965 Forestway Drive                                1271 Old Mill Ct
Glencoe, IL 60022                                  Naperville, IL 60564
Email: kg5252@yahoo.com                            Email: legaltma@gmail.com
Tel: 773-575-7035                                  Tel: 773-727-5491
                                                   Attorney No. 37672

**CERTIFICATE OF SERVICE**

The undersigned certifies that this paper was electronically filed with the clerk of this Court on April 22 2026 and was provided via email to the attorneys who have filed appearances in this matter.

/s/ Kenton Girard

## EXHIBIT 1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, COUNTY DIVISION**

| | |
|---|---|
| In re the Petition of Gwen Girard and Grace Girard, by Kenton Girard,<br>Petitioner,<br><br>v.<br><br>Jane F. Girard,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>) Case No. 20244 COMS 000016<br>)<br>)<br>) |

### ORDER

This matter coming for status of discovery, Petitioner, Respondent and Respondent's counsel present in court, the court states and orders:

The record reflects that Gwen Girard and Grace Girard, on whose behalf the petition was brought reached the age of 18 on Feb. 15, 2026. Generally, a child will be considered emancipated "when he reaches the age of 18, at which time the child attains majority." *In re Marriage of Sweders*, 296 Ill. App. 3d 919, 922 (1998) (citing *In re Marriage of Ferraro*, 211 Ill. App. 3d 797, 799-800).

A minor child may become emancipated under either the common law or by statute. *In re Marriage of Baumgartner*, 237 Ill. 2d 468, 479 (2010). Illinois precedent indicates that a self-emancipated child is one who has not reached majority but is " 'physically and mentally able to take care of himself, [has] voluntarily abandon[ed] the parental roof and [left] its protection and influence, and [gone] out into the world to fight the battle of life on his own account.' " *In re Marriage of Donahoe*, 114 Ill. App. 3d 470, 475 (1983). The statutory path to emancipation is through the Emancipation of Minors Act, whose stated purpose is to "provide a means by which a mature minor who has demonstrated the ability and capacity to manage [the minor's] own affairs and to live wholly or partially independent of [the minor's] parents or guardian, may obtain the legal status of an emancipated person with power to enter into valid legal contracts." 750 ILCS 30/2 (West 2018). *In re Marriage of Moriarity*, 2024 IL App (1st) 230270 at para 17.

The petition was filed under the Emancipation of Minors Act. Under the Act the court loses jurisdiction when the minor turns 18. See 750 ILCS 30/6. Therefore, as this court has lost jurisdiction based upon the minors reaching the age of majority, the petition is dismissed in accordance with 750 ILCS 30/6 and under IL law.

**ENTERED:**
March 9, 2026

_____
Circuit Judge Catherine A. Schneider     #2180

```
ENTERED
Judge Catherine A. Schneider-2180

MAR 09 2026

MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
```

3

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JANE F. GIRARD,

    Plaintiff,

      v.                            Case No. 26-cv-118-JPG

MARISSA GIRARD and KENTON GIRARD,

    Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Notice of Removal filed by defendant Marissa Girard (Doc. 1). She seeks to remove a case currently pending in the Circuit Court of Cook County, Illinois, County Department, Domestic Relations Division, as Case No. 2015-D-009633.

Marissa has removed the case to the wrong federal district court. A defendant may remove a state court case only "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Cook County is within the Northern District of Illinois, not the Southern District of Illinois, so any removal must be to that district. Venue is therefore improper here.[1]

The Court notes that defendant Kenton Girard requested a transfer of venue to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois (Doc. 1-2 at 121-22). There is no evidence that motion was granted, and a search for the case in the Madison County court records for any of the parties to the Cook County action yields no results. *See* https://www.madisoncountyil.gov/departments/circuit_clerk/court_records_search.php (visited Feb. 5, 2026).

---

[1] Further, venue would be improper in the Southern District because it does not satisfy any of the provisions of 28 U.S.C. § 1391(b).

Where venue is improper, the Court is permitted to dismiss a case or to transfer it to any district in which is could have been brought. 28 U.S.C. § 1406(a). Transfer is the preferable option because it avoids the time and effort necessary to refile in a proper venue. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Here, transferring this case rather than dismissing it will preserve Marissa's Notice of Removal filing date where its timing may become an issue if she needed to refile it.

For these reasons, the Court **TRANSFERS** this case to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1406(a) for improper venue.

**IT IS SO ORDERED.**
**DATED: February 5, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2

**EXHIBIT 3**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JANE F GIRARD,<br>       Plaintiff<br><br>   v.<br><br>MARISSA GIRARD, *et al.*,<br>       Defendants | No. 26 CV 1399<br><br>Judge Jeremy C. Daniel |

**ORDER**

The plaintiff's motion to remand [17] is granted. This case is remanded to the state court forthwith. The plaintiff's motion for fees [55] is granted in part. In her filing, Marissa Girard acknowledged the plaintiff's motion for fees but did not offer a substantive response. Given the history of this case, which includes the prior removal attempts, the Court (again) finds the removal frivolous and awards the plaintiff costs and attorneys' fees in the amount $19,547.50. Marissa Girard must remit payment to the plaintiff on or before May 7, 2026. The Court denies the plaintiff's motion as to Mr. Makedonski. Kenton Girard's motion for leave to file an amended response [53] is denied. While the Court understands that new counsel may have different or additional views, it does not warrant resetting the briefing schedule. Civil case terminated.

**STATEMENT**

This case, originally filed in the Circuit Court of Cook County, Case No. 2015-D-009633, is before this Court for the third time. The case has come back before this Court in highly circuitous fashion, and Defendant Marissa Girard is now making a second attempt at removal. Marissa first attempted removal in Case No. 25 C 4586 based on Defendant Kenton Girard's federal cross-claim against her. The Court remanded, explaining that removal must be based on whether the original pleading, not a cross-claim, presents a basis for federal jurisdiction. *Girard v. Girard*, No. 25 C 4586, Dkt. 36 at 9–14 (N.D. Ill. May 29, 2025). On appeal, Marissa also raised 28 U.S.C. § 1443(1) governing removal of civil rights cases as a possible basis for removal, which the Seventh Circuit described as "not just tardy and contrived," but "frivolous." *Girard v. Girard*, 160 F.4th 845, 849 (7th Cir. 2025). About six months later, this case was again removed—this time by Kenton—in Case No. 26 C 42 based on a cross-claim Marissa filed against him. Kenton argued that both the cross-claim and § 1443(1) provided grounds for removal; for the reasons articulated in the first

6

removal's proceedings, the Court rejected both of these arguments. *Girard v. Girard*, No. 26 C 42, Dkt. 31 at 8–10 (N.D. Ill. Jan. 21, 2026).

Now, again relying on § 1443(1), Marissa is attempting removal for a second time (the third such attempt in total). (R. 1.) On February 3, 2026, Kenton filed in the state case a "Notice as to Intrastate Transfer of Venue" "provid[ing] notice that the venue of the proceedings . . . has been transferred pursuant to Illinois Supreme Court Rule 187 and effective immediately to the Madison County Circuit Court."[1] (R. 1-2 at 121–22.)[2] The same day, Marissa filed a Notice of Removal in the U.S. District Court for the Southern District of Illinois. (R. 1.) The case was initially assigned to Judge J. Phil Gilbert of the Southern District of Illinois. (R. 3.) He observed that "[t]here is no evidence that [Kenton's] motion [for intrastate transfer] was granted, and a search for the case in the Madison County court records for any of the parties to the Cook County action yields no results." (R. 9 at 1.) Accordingly, Judge Gilbert found that venue was improper and transferred the case to this district. (*Id.* at 2.)

The plaintiff moves for dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, or, alternatively, for re-re-remand to the state court. (R. 17.) Specifically, the plaintiff requests that the Court declare Marissa's "Notice of Removal a nullity subject to dismissal, [meaning] her actions had no effect on the Circuit Court of Cook County's jurisdiction" over this case. (R. 17 ¶ 15.) Relying on the Ninth Circuit's decision in *Casola v. Dexcom, Inc.*, 98 F.4th 947 (9th Cir. 2024), she argues that because Marissa "purports to remove to federal court an action which does not exist, dismissal, rather than remand, is appropriate." (R. 17 ¶ 13.)

The Ninth Circuit in *Casola* concluded that the notice of removal in that case was "without legal effect" because it was "premature"—that is, filed prior to any state case existing. *Casola*, 98 F.4th at 954. Under California state law, the state case had not yet been "filed," and therefore was not removable. *Id.* at 962. The Ninth Circuit explained that this "foundational defect—the absence of an existing civil action in state court— . . . rendered [the removal] not just defective but legally null and void. There were no pending civil actions that could be removed when [the defendant] filed its initial notice[] of removal because the complaint[] had not been officially filed." *Id.* at 963. "This logically leads to the conclusion that . . . the premature . . . notice[] of removal did not confer jurisdiction on the district court to hear the case[] because there w[as] no case[] pending." *Id.*

That is not the situation here. Unlike in *Casola*, some underlying state case does exist. *See Girard v. Girard*, No. 2015-D-009633 (Ill. Cir. Ct.). The plaintiff argues that Marissa's attempt to remove that case, after Kenton purportedly attempted an

---

[1] The Court notes that the referenced rule provides a mechanism for making a motion to transfer venue, but it says nothing about a party unilaterally declaring a transfer.

[2] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

2

ineffective venue transfer to Madison County, was an effort to remove "[n]othing . . . from nothing." (R. 17 ¶ 16.) In other words, because Marissa attempted to remove the Madison County case, and there was no Madison County case, there was nothing to remove. However, it is critical that the case still existed in Cook County. The Notice of Removal states that it is removing "the action originally filed in the Circuit Court of Cook County . . . bearing case number 2015-D-009633," which exists. (R. 1 at 1.) And though Kenton attempted an ineffectual transfer prior to removal, Judge Gilbert cured this procedural defect when he transferred the case under 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). (R. 9 at 2.) This means that the Court treats the removal as if it were first filed in this district, and dismissal is not the appropriate remedy. Any questions about whether that removal divested the state court of jurisdiction are for the state court to resolve. *See, e.g., Astoria Fed. Sav. & Loan Ass'n/Fidelity N.Y. FSB v. Lane*, 64 A.D.3d 454, 456–57 (N.Y. App. Div. 2009).

Moving to the grounds for removal, the Court observes as an initial matter that "[n]othing in § 1446 forecloses multiple petitions for removal." *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999). "A defendant may remove even a previously remanded case if subsequent pleadings or litigation events reveal a new basis for removal." *Railey v. Sunset Food Mart, Inc.*, 16 F.4th 234, 238 (7th Cir. 2021). But that is not what happened here. The apparent basis for removal is "the Motion to Compel [Marissa's] appearance received January 16[,] 2026[,] which have made ascertainment of removability under Section 1443(1) readily apparent."[3] (R. 1 at 4.) Section 1443 deals with removal based on the inability to "enforce in the courts of such State a right under any law providing for the equal civil rights of citizens." Marissa previously raised a similar argument before the Seventh Circuit the first time she attempted removal, and Kenton raised it on Marissa's behalf when he attempted removal. As the Court explained then, those "[a]ssertions do not come close to satisfying [§] 1443. Marissa's invocation of that provision was not just tardy and contrived[;] it was frivolous." *Girard*, No. 26 C 42, Dkt. 31 at 9:19–22 (citing *Girard*, 160 F.4th at 847–49). The same is true now. Not only is Marissa's continued

---

[3] Though Marissa's response brief does not explicitly cite § 1443(1), it includes arguments Marissa previously made pursuant to that section. (*See* R. 52 ¶ 9.)

Marissa also asserts that "she filed this notice within 30 days of being served with the Notice of USCA Jurisdiction on January 15[,] 2026[,] and the following Trial Order dated January 21[,] 2026[,] rendering paramount importance to the federal question of whether jurisdiction does indeed lie only with the Seventh Circuit at this time, thereby foreclosing a trial in the state court until resolution of the same." (R. 1 at 4.) She does not explain how this provides a basis for removal, nor can the Court glean one, so the Court rejects this argument. She also does not develop this point in her response brief. (*See generally* R. 52.)

3

invocation of § 1443(1) legally unsound, but it is also frivolous and evinces an improper, dilatory motive in seeking removal. *See* Fed. R. Civ. P. 11(b)(1). There is no new basis for removal, so the case is remanded.

Date: April 2, 2026

_____
JEREMY C. DANIEL
United States District Judge

4

## EXHIBIT 4

**And IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
           Petitioner, )
)
   and )   No.   2015 D 009633
)
JANE GIRARD, )
           Respondent, )
)
   and )
)
MARISSA GIRARD, )
           Third Party Respondent. )

> **ENTERED**
> Judge William Yu-2221
> **FEB 0 4 2026**
> MARIYANA T. SPYROPOULOS
> CLERK OF THE CIRCUIT COURT
> OF COOK COUNTY, IL

### ORDER

**THIS MATTER** coming before the Court pursuant to the Court's January 21, 2025 Order setting in person Trial February 4, 5 and 6, 2026, at 10:30 am each day; Respondent, Jane Girard, and Jane's counsel, Beermann LLP, present in court; Petitioner failing to appear in person in court or on Zoom, and Third Party Respondent and Third Party Respondent's counsel, Toma Makedonski, failing to appear in person in court or on Zoom; and the Court being duly advised in the premises;

THE COURT MAKES THE FOLLOWING FINDINGS:

    A.    Respondent, Jane Girard, and her counsel, Beermann LLP, appeared in person in Courtroom 3005.

B.     Enrico J. Mirabelli of Beermann LLP informed the Court that Kenton Girard filed a "Notice of Intrastate Transfer" at 11:40 a.m. on February 3, 2026, which was emailed to Karen Paige and Matthew Elster at 11:38 p.m. Mr. Mirabelli tendered a copy of said Notice to the Court.

C.     Mr. Mirabelli further informed the Court that Marissa Girard filed a "Notice of Filing; Notice of Removal to the Southern District of Illinois East St. Louis Division," which was emailed to several Beermann LLP attorneys at 11:43 p.m. Mr. Mirabelli tendered a copy of said Notice to the Court.

D.     The Court, after being fully advised of the above documents, for the reasons stated on the record, finds that the "Notice of Intrastate Transfer" did not in fact transfer the matter, nor did the "Notice of Intrastate Transfer" cause this Court to lose jurisdiction. The Court found there was no Order entered transferring this matter to Madison County; therefore, the Court finds that the "Notice of Removal" was a nullity as Madison County does not have jurisdiction over the instant matter.

IT IS HEREBY ORDERED:

1.     Trial shall proceed as scheduled on February 4, 5 and 6, 2026 in person pursuant to the Court Order of January 21, 2026.

2.     The Court ordered Jane's counsel to email opposing parties, and counsel for Third Party Respondent, that Trial is to begin at 1:30 pm in Courtroom

3005 on February 4, 2026. Jane's counsel provided a copy of the email notification to the Court.

3.      Prior to Trial commencing, the Court heard and ruled as follows on the following Motions for the reasons stated on the record:

a.      Kenton Girard's Motion to Disqualify Beermann LLP filed on April 24, 2025 is denied;

b.      Kenton Girard's Motion to Disqualify Phyllis Amabile filed on April 24, 2025 is denied;

c.      Jane Girard's Motion for Witnesses to Appear Remotely via Zoom is granted. Joel Levin and Jennifer Hansen are granted leave to appear via Zoom as witnesses in this matter.

ENTERED: 2.4.26

_____
Judge William Yu

Order Prepared By
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Petitioner – kgs5252@yahoo.com
Attorney for Third Party Respondent – legaltma@gmail.com