BC

FILED

6/4/2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAN

**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| MINOR CHILD GW,<br>MINOR CHILD GR, and<br>KENTON GIRARD,<br><br>        Plaintiffs,<br><br>        v.<br><br>JUDGE REGINA A. SCANNICCHIO,<br>JUDGE ROSSANA P. FERNANDEZ,<br>JUDGE WILLIAM YU,<br>JUDGE ROBERT W. JOHNSON,<br>JUDGE EILEEN M. O'CONNOR,<br>PHILIP A. KIRALY,<br>BRADLEY S. LEVISON,<br>JANE F. GIRARD,<br>MATTHEW D. ELSTER,<br>ENRICO J. MIRABELLI, and<br>BEERMANN LLP,<br><br>        Defendants. | Civil No.      1:25-cv-04551<br><br>District Judge Sara Ellis<br><br><br>**<u>Kenton Girard and Toma Makedonski<br>Combined Opposition to the<br>Rule 11 Motion Filed by the<br>Beermann Defendants</u>** |

Plaintiff Kenton Girard in pro se, and Attorney Toma Makedonski, for their combined opposition to the Rule 11 Motion by the Beermann Defendants filed under Dkt 68 on January 5 2026 (with supporting memorandum filed under Dkt 69 on January 5 2026) hereby state as follows:

**INTRODUCTION**

Plaintiff Kenton Girard and Attorney Toma Makedonski respectfully submit their combined opposition to the Rule 11 Motion filed by Defendants Matthew D. Elster, Enrico J. Mirabelli, and Beermann LLP ("Beermann Defendants"). The motion was filed before judgment, but it is substantively foreclosed by this Court's April 22, 2026 Opinion and Order (Dkt 76). Because the Court dismissed the First Amended Complaint without prejudice on abstention

1

SUMMONS IS NOT ALLOWED
INVALID DOCKET'S PASSWORD!

grounds and expressly declined to reach the merits, the Beermann Defendants cannot satisfy any element of Rule 11(b). Their motion should be denied.

## I.     The Court's abstention-based dismissal forecloses Rule 11 sanctions.

The Beermann Defendants' motion rests almost entirely on the assertion that Plaintiffs' claims were legally frivolous on the merits. But this Court expressly declined to reach the merits, dismissing the case solely on abstention, judicial immunity, and supplemental-jurisdiction grounds. See Dkt 76 at 7–14.

Courts routinely hold that where a case is dismissed on abstention or jurisdictional grounds, Rule 11 sanctions cannot be premised on the supposed legal insufficiency of the claims. See, e.g.:

- *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 400–03 (7th Cir. 2023) (recognizing unsettled boundaries of Rooker-Feldman in ongoing custody matters; abstention does not imply frivolousness).

- *Taylor v. Circuit Court of Cook County*, 2025 WL 601213, at *2 (7th Cir. Feb. 25, 2025)(domestic-relations abstention appropriate where federal claims implicate state-court processes; abstention is not a merits determination).

- *Lopez v. Kubalanza*, 2025 WL 2306815, at *12–14 (N.D. Ill. Aug. 11, 2025) (claims dismissed on abstention grounds are not frivolous; they may be pursued in state court).

These cases are directly on point — far more so than *Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990)* or *Willy v. Coastal Corp.*, 503 U.S. 131 (1992), which address the timing of sanctions, not the substantive limits on Rule 11 where a court abstains.

Because the Court did not reach the merits, the Beermann Defendants cannot rely on merits-based arguments (litigation privilege, state-actor doctrine, negligence duty, conspiracy

plausibility) to support sanctions. From another lens, Rule 11(b)(2) sanctions cannot rest on legal theories the Court lacked jurisdiction to adjudicate. A Rule 11 motion cannot be used to litigate the merits of claims the Court has held it cannot adjudicate.

## II.     The Court accepted the allegations as true, precluding Rule 11(b)(3) sanctions.

Rule 11(b)(3) sanctions require an objective showing that a specific factual allegation was false or lacked evidentiary support at the time of filing. *McGreal v. Village of Orland Park*, 928 F.3d 556, 560 (7th Cir. 2019). That standard is demanding: mere disagreement with the allegations, or the fact that they were ultimately untested, is insufficient.

The Beermann Defendants point to several allegations they characterize as fabricated — including allegations concerning the investigation into Jane Girard, the conduct of the child representative, and the circumstances surrounding the February 2025 trial orders. But the Court accepted each of these allegations as true for purposes of the motions to dismiss. Dkt 76 at 2 (the Court "takes the facts in the background section from Plaintiffs' first amended complaint and presumes them to be true"). The Court made no finding — because it reached no merits question — that any allegation lacked evidentiary support or was objectively false.

Because the Court expressly declined to evaluate the factual sufficiency of the complaint, the Beermann Defendants cannot rely on the Court's dismissal to establish the predicate for Rule 11(b)(3) sanctions; Rule 11(b)(3) requires a showing of objective falsity at the time of filing, not an inference drawn from a jurisdictional dismissal. The movants have not met their burden to identify a specific allegation that lacked evidentiary support at the time of filing, so their motion for sanctions fails here.

Moreover, Rule 11(b)(3) is assessed as of the time of filing, not in hindsight. Plaintiffs' allegations were based on information available at that time, including correspondence, court

records, and other materials from the ongoing custody proceedings. The Beermann Defendants identify no specific allegation that was demonstrably false when made. Their characterizations — "tinfoil-hat," "baseless," "without evidentiary support" — are advocacy, not the objective showing Rule 11 requires.

### III.     The improper purpose fails because Plaintiffs' filing was objectively reasonable.

The Beermann Defendants devote substantial space to arguing that Kenton Girard and Toma Makedonski filed the instant suit in order to harass, delay, or disrupt the underlying custody proceedings in Cook County Circuit Court. Rule 11(b)(1) requires an objective showing of improper purpose. The Seventh Circuit is clear: "The mere fact that a party continues to litigate after receiving adverse rulings does not establish improper purpose." *Sullivan v. Conway*, 157 F.3d 1092, 1096 (7th Cir. 1998).

Here, Plaintiffs asserted federal constitutional claims (First Amendment, §1983). Filing such claims in federal court is objectively reasonable, not evidence of harassment. The Court moreover acknowledged genuine legal uncertainty wherein Judge Ellis expressly noted the unsettled boundaries of Rooker-Feldman in ongoing custody disputes. Dkt 76 at 9–10. Where the law is unsettled, filing suit cannot be deemed improper. See *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932 (1989).

The Beermann Defendants' narrative of improper purpose rests on characterizations of Plaintiffs' other filings in state court, not on any objective evidence that the federal complaint itself was filed to harass. None exists. The Court's abstention ruling confirms that the claims belong in state court — not that they were filed to harass. Dkt 76 at 14. A claim that must be refiled in another forum cannot simultaneously be deemed a harassment filing.

### IV.     Filing here was reasonable given the nature of the claims and the unsettled law.

Plaintiffs asserted claims arising directly under the First Amendment and 42 U.S.C. §1983. Federal district courts are the presumptive forum for such claims. Filing constitutional claims in federal court is not merely reasonable — it is the expected and conventional choice. The decision to file here cannot be characterized as a tactical maneuver when it reflects standard litigation practice.

The legal landscape Plaintiffs navigated was genuinely unsettled. Judge Ellis acknowledged as much, noting that Rooker-Feldman's application to ongoing custody disputes remains uncertain, and that abstention doctrines "overlap in complex ways" in this context. Dkt 76 at 9–10; see also *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 400–03 (7th Cir. 2023); *Taylor v. Circuit Court of Cook County*, 2025 WL 601213, at *2 (7th Cir. Feb. 25, 2025). Where the governing law is unsettled, a filing cannot be 'unwarranted by existing law' under Rule 11(b)(2). See *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989) (en banc) (sanctions inappropriate where legal question is genuinely open).

The Court's dismissal without prejudice is consistent with this conclusion. Judge Ellis did not dismiss because the claims were meritless — she dismissed because the federal forum was not the appropriate one at this time. The Court's express direction that "Plaintiffs should raise their concerns... in state court," Dkt 76 at 14, confirms that the underlying claims retain viability. A dismissal that preserves the claims and directs the plaintiff to another forum is fundamentally incompatible with a finding that the claims were frivolous or that filing them here reflected a lack of diligence. If the claims warranted no inquiry, the Court would have said so. It did not.

## CONCLUSION

The Rule 11 motion was filed before judgment, and Plaintiffs responded on January 2, 2026, explaining their legal basis well before entry of judgment. Therefore, the Rule 11 motion

as filed is procedurally permissible.

However, Rule 11 does not require withdrawal where the claims are objectively reasonable, and safe-harbor compliance neither cures the defects in the Rule 11 motion.

Moreover, the motion is substantively foreclosed by this Court's abstention-based dismissal, its refusal to reach the merits, its acceptance of the allegations as true, and its dismissal without prejudice. The Beermann Defendants cannot satisfy any element of Rule 11(b): the Court made no merits finding to support a frivolousness determination under Rule 11(b)(2); no specific allegation has been shown to have been objectively false at the time of filing under Rule 11(b)(3); and filing federal constitutional claims in federal court, in an area of genuinely unsettled law, cannot constitute improper purpose under Rule 11(b)(1).

**WHEREFORE**, Plaintiff Kenton Girard and Attorney Toma Makedonski hereby respectfully request that this Court deny the Rule 11 Motion brought by the Beermann Defendants hereunder.

Dated: June 4, 2026

Respectfully Submitted,

/s/ Kenton Girard, In Pro Se
965 Forestway Drive
Glencoe, IL 60022
Email: kg5252@yahoo.com
Tel: 773-425-4393

/s/ Toma Makedonski, Esq.
1271 Old Mill Ct
Naperville, IL 60564
Email: legaltma@gmail.com
Tel: 773-727-5491
Attorney No. 37672

### CERTIFICATE OF SERVICE

The undersigned certifies that this paper was electronically filed with the clerk of this Court on June 4, 2026 and was provided via email to the attorneys who have filed appearances in this matter.

/s/ Kenton Girard