**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Minor Child GW, Minor Child GR, and Kenton Girard | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 25-cv-04551 |
| v. | ) ) | Hon. Sara L. Ellis |
| Judge Regina A. Scannicchio, Rossana P. Fernandez, William Yu, Robert W. Johnson, Judge Eileen M. O'Connor, Philip A. Kirlay, Bradley S. Levison, Jane F. Girard, Matthew D. Elster, Enrico J. Mirabelli, and Beermann LLP, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS MATTHEW D. ELSTER, ENRICO J. MIRABELLI, AND BEERMANN,
LLP'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS UNDER FRCP 11**

Defendants, Matthew D. Elster, Enrico J. Mirabelli, and Beermann, LLP (collectively, the "Beermann Defendants"), by and through their undersigned attorneys, and for their Reply in Support of their Motion for Sanctions (ECF #68 (Motion); ECF #69 (Memorandum)) against Plaintiff Kenton Girard and the purported attorney for the Minor Children, Toma Makedonski ("the Motion") state as follows:

**INTRODUCTION**

The Respondents' Opposition (ECF #81) only reinforces why Rule 11 sanctions are warranted. Rather than confront the substance of the Motion, Plaintiff Kenton Girard and attorney Toma Makedonski (collectively, the "Respondents") resort to obfuscation, mischaracterization, and misrepresentation of controlling authority. They even fabricate a case quotation in their effort to excuse otherwise inexcusable litigation conduct.

More specifically, the Respondents ignore the realities that prove the improper purpose for which this case was brought. They have initiated or otherwise been involved in at least five other

1

337894651v.5

similar lawsuits against Beermann LLP and its attorneys. Yet the Respondents offer only conclusory denials of what the record plainly establishes – that Kenton, aided by Attorney Makedonski, is a vexatious litigant who brought this lawsuit to harass and intimidate the Beermann Defendants for representing Kenton's former wife in state court domestic relations proceedings. This is precisely the abuse Rule 11 was designed to deter.

The pattern continues throughout the Opposition. Cursory citations to inapposite authority. Calculated mischaracterizations of the governing standard. A transparent effort to obscure the Respondents' wholesale failure to satisfy their Rule 11 obligations before filing suit. In short, the Respondents respond to a sanctions motion cataloguing their disregard for law and fact by – once again – disregarding law and fact. The Opposition thus proves the Motion's central point: the Respondents filed this case to advance improper purposes and have continued to flout their obligations at every turn. Their Rule 11 violations are textbook. The Motion should be granted.

## ARGUMENT

As noted in the Motion, Kenton (and his current wife, Marissa), with Attorney Makedonski's assistance, have weaponized the court system to harass Jane and her lawyers across multiple proceedings. (ECF #69, fn. 1) (listing various cases and requesting judicial notice). Multiple courts have expressly found his litigation tactics frivolous, abusive, and sanctionable.[1] Even setting aside Respondents' clear pattern of harassment, the Motion demonstrates Rule 11 sanctions are warranted here – particularly when weighed against Respondents' tepid, unsupported denials in their Opposition. (*See, e.g.,* ECF #81, p. 4) (asserting that "[n]one exists" regarding

---

[1] *See, Girard v. Girard,* Seventh Cir. Case No. 26-1073, ECF #13 (Apr. 20, 2026) (dismissing Kenton's appeal as frivolous); *see also,* September 15, 2025 order sanctioning Kenton and Attorney Makedonski in *In re the Emancipation of: Gwen Girard & Grace Girard, Minor Children Kenton Girard, Petitioner, and Jane F. Girard, Respondent*, Cir. Ct. Cook County, Ill., County Department, Case No. 2024COMS0016, attached as **Exhibit 1.**

2

objective evidence of improper purpose). To the contrary, and as shown in the Motion, the evidence of Respondents' improper purpose is nothing short of overwhelming. "[I]n deciding whether to impose a sanction or what sanctions would be appropriate," this Court can – and should – consider whether the conduct "was part of a pattern of activity" or "whether the person has engaged in similar conduct in other litigation." *Vollmer v. Publrs. Clearing House,* 248 F.3d 698, 710 (7th Cir. 2001); citing, Fed. R. Civ. P. 11, Advisory Committee's Notes (1993 Amendments). This Court should not view the instant motion in a vacuum, but against the backdrop of the barrage of frivolous litigation initiated by Kenton and Makedonski.

    **I.**    **THE OPPOSITION AVOIDS THE MOTION'S ARGUMENTS.**

    ***First,*** the Opposition brief is glaring in that it does not directly address the myriad and specific grounds for Rule 11 sanctions laid out, with detailed factual and legal support, in the Motion. Rather, the Opposition almost entirely rests on the position that this Court's dismissal on abstention grounds somehow demonstrates that the Respondents did not bring this action for improper purposes and that the Subject Filings were made in good faith. The Respondents' logic in this regard itself further shows why Rule 11 sanctions are warranted – litigants and their attorneys do not get a "free pass" merely because the Court applied an abstention doctrine. This Court should not entertain such an absurd theory. *See Willy v. Coastal Corp.*, 503 U.S. 131 (1992) (affirming imposition of Rule 11 sanctions even where district court lacked subject matter jurisdiction); *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1078 (1987) ("If the complaint is indeed too silly to create subject matter jurisdiction, attorneys' fees should be an ordinary incident of the award of costs.").

337894651v.5

*Second*, the Respondents' declination to address the vast majority of the Motion's arguments is similarly telling. Specifically, the Opposition wholly fails to respond to the following arguments made in the Motion:

1. **Respondents' Prior, Actual Knowledge of the Litigation Privilege's Applicability.** (ECF #69, p. 9-10) (noting, *inter alia*, that Judge O'Connor, in dismissing the Girard/Beermann case brought before her in state court, expressly explained to the Respondents that the privilege defeats these sorts of claims).

2. **Count IV Asserts an Invalid Claim That Could Never Succeed.** (*Id.*, p. 10-11) (the Domestic Relations Proceedings' record proves Respondents had notice of everything in those proceedings and, regardless, "fair notice" claims relate to the failure to serve process, which Respondents cannot claim).

3. *Polk County v. Dodson* **Proves that the Respondents' Claim that "Officer of the Court" Equates to "State Actor" is Erroneous.** (*Id.* at p. 12; citing, 454 U.S. 312, 318–19 (1981)).

4. **Settled Authority Reveals That the Conclusory Allegations of Conspiracy-by-Joint-Action Were Insufficient**. (*Id.* at p. 12-13) (citing numerous cases highlighting that mere conclusions and innuendo are woefully insufficient to state a claim for §1983 conspiracy between a private party acting jointly with a state actor).

5. **Plaintiffs' Count VI (Abuse of Process) and Arguments in Support Ignored the Requirement That Such Claims Require Allegations Relating to a Failure to Serve Process.** (*Id.*, p. 14) (noting that abuse of *process* claims must hinge on the failure of formal *service*, not some conclusory claim that a post-process pleading or motion was not properly provided to Respondents).

6. **The ICVBOR Does Not Impose any Duty on the Beermann Defendants.** (*Id.* at pp. 13-14) (The ICVBOR applies only in criminal cases, creates no private right of action, and has never been construed to impose a duty on opposing counsel).

7. **Minor Children Lacked Capacity and Kenton Could Not (And Did Not Even Attempt to) Serve as Pro Se "Next Friend."** (*Id.* at p. 15) (noting Kenton's argument that his role as *pro se* "co-plaintiff" satisfied Rule 17's requirements fails for multiple reasons).

8. **Even Ignoring The Litigation Privilege's Plain Application, Respondents Did Not Even Attempt to Support Count VII (IIED) With Any Argument.** (*Id.* at p. 14-15) (noting the litigation privilege applies under clear precedent and Respondents argument that "[t]he IIED claim is justified" was supported not by factual allegation nor case law, but rather *ad hominem* attacks and innuendo).

4

9. **Motion to Disqualify as Evidence of Dilatory Purpose.** (*Id.* at p. 13) (noting that Kenton parroted the FAC's allegations in moving to disqualify the Beermann Defendants as Jane's counsel, evincing Respondents' improper purpose).

10. **Pattern of Retaliatory Filings Against Judges.** (*Id.* at pp. 13-14) (Kenton has sought disqualification of or sued every judge assigned to the Domestic Relations Proceedings and added adding Judge O'Connor as a defendant after she sanctioned him, evincing Respondents' improper purpose).

Whether Respondents chose not to address these arguments because no response exists, or whether "abstention equals no consequences" is their only defense, the result is the same: the Motion should be granted because Respondents have not – and cannot – answer for the specific Rule 11 violations charged in the Motion. "The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession." *MCI World Com Network Services v. Atlas Excavating, Inc.*, No.02C4394, 2006 U.S. Dist. LEXIS 88956, at *9 (N.D. Ill. 2006); citing, *Keri v. Bd of Trustees of Purdue Univ.*, 458 F.3d 620, 643, n.7 (7th Cir. 2006), *overruled in part on other grounds*, 724 F. 3d 965 (7th Cir. 2013); *see also, Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (failure to respond to an argument results in waiver).

***Third***, Respondents appear to confuse this case with yet *another* case Kenton filed against Beermann LLP, Mr. Elster and other Beermann attorneys in 2026. (*See Girard v. Elster*, et al., N.D. Ill. Case No. 26cv1443). In that similarly frivolous action, Kenton alleges (in conclusory fashion) that the defendants – Beermann LLP, some of its attorneys, Jane Girard, and multiple state court judges – engaged in a §1983 conspiracy to deprive him of his First Amendment rights. (26cv1443, ECF #32, ¶¶95-97). No First Amendment claim exists in *this* case, yet Respondents argue in their Opposition that "Plaintiffs asserted claims arising directly **under the First Amendment** and 42 U.S.C. §1983." (ECF #81, p. 5) (emphasis added). Respondents cannot keep their frivolous litigation straight – demonstrating precisely why the Motion should be granted.

5

Respondents must face consequences for their targeted, repeated lawsuits and filings containing false, disgusting, libelous, and plainly frivolous claims. Rule 11 exists precisely to prevent such conduct and compensate those forced to defend against it. *Brandt v. Schal Assocs., Inc.,* 960 F.2d 640, 645-46 (7th Cir. 1992). The Motion should be granted.

## II.     ABSTENTION DOES NOT FORECLOSE RULE 11 SANCTIONS

The gist of the Opposition is that because this Court dismissed on abstention grounds and "refus[ed] to reach the merits" (ECF #81, p. 6), Rule 11 sanctions cannot be awarded. (ECF #81, pp. 2-3). This is not a serious argument and is a Rule 11 violation in and of itself. "[D]istrict courts possess inherent power over Rule 11 motions even under circumstances where jurisdiction over the underlying case is absent" and "even where the merits of the underlying case are no longer a concern to the court." *Wojan v. General Motors Corp.*, 851 F.2d 969, 972 (7th Cir. 1988); citing, *Szabo*, 823 F.2d at 1077-79. Simply put, the argument on which Respondents rely in the Opposition fails and ignores well-settled precedent that they would have discovered had they complied with their Rule 11 obligations.

In any event, in assessing Rule 11 motions, courts are "expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading …was submitted" *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Financial Services*, 9 F.3d 1263, 1269 (7th Cir. 1993); citing, *Szabo*, 823 F.2d at 1081-82.

Further, none of the authority cited in the Opposition even remotely supports Respondents' position, and – in fact – the Respondents have affirmatively **manufactured a non-existent quote from case law** and otherwise misrepresented authority – authority that, when examined, supports the *Beermann Defendants*' position.

### A.  Respondents Presented this Court with a Non-Existent Quote.

6

337894651v.5

In arguing that the Motion's improper purpose arguments fail, Respondents state, "The Seventh Circuit is clear: '**The mere fact that a party continues to litigate after receiving adverse rulings does not establish improper purpose**.' *Sullivan v. Conway*, 157 F.3d 1092, 1096 (7th Cir. 1998)." (ECF #81, p. 4) (emphasis added).

That quote **does not exist in *Sullivan***. In fact, it does not exist in any published decision—state or federal—nationwide.

The Respondents, in other words, have resorted to fabricating quotes in Opposition to the Rule 11 Motion.[2] It is a long-held rule – a rule that any reasonable attorney or litigant would know has been thrust into the spotlight in recent history with the proliferation of generative AI – in federal courts that a failure to check treatment, soundness or the existence of cited caselaw is sanctionable conduct. *See, D'Ambrosio v. Meta Platforms Inc.,* ___F.4th___, 2026 WL 1361951, *8 (7th Cir. May 15, 2026) (holding that submission of a brief with nonexistent cases amounts to making a false statement to the court); *see also, Virgil v. Experian Info. Sols. Inc.*, 2026 WL 401066, at *7 (S.D. Ind. Feb. 12, 2026) (citing *Salahuddin v. Coughlin*, 999 F. Supp. 526, 529 (S.D.N.Y. 1998); *Brown v. Lincoln Towing Serv.*, 1988 WL 93950, *5-6 (N.D. Ill. 1988).

Confirming that case law is valid is "a basic, routine matter…" and the Respondents have failed to do so. *Virgil,* at *8. This Court has not been shy about sanctioning both self-represented litigants and attorneys both for fabricating citations, and the result should be no different here.

Regardless, the Respondents' "it is not improper to continue to litigate after receiving an adverse ruling"-argument is wholly irrelevant. It is well documented that the Respondents brought

---

[2] This is becoming a trend for Kenton. In the state court lawsuit he filed against several Beermann attorneys, he recently filed a "Notice as to Citation Error" (attached as **Exhibit 2**) confessing, again, to injecting fabricated case citations into filings. Kenton filed this Notice eight days after he was present when the Court was alerted to the non-existent case cite, and then only after the undersigned sent Kenton a letter requesting he take action or face a Rule 137 sanctions motion. (Ex. 2, p. 3). Even then, Kenton states that he "mis-copied" the case citation, but a case that does not exist cannot be "mis-copied." (Ex. 2, ¶3).

this case for improper purposes and that the Subject Filings (and, now, the Opposition) contain myriad allegations and arguments that fail to pass even the most generous "smell test" for Rule 11 compliance. The Motion should be granted.

> B.  Respondents Misrepresent *Hadzi-Tanovic* and Obfuscate the Relevant *Rooker-Feldman* Analysis

Respondents argue that *Rooker-Feldman* authority is "uncertain" and the Motion should therefore be denied. This argument misses the mark entirely. The Motion focuses on specific evidence of improper purpose and numerous instances where Respondents ignored their Rule 11 obligations in the Subject Filings. None of those instances discussed in the Motion involve *Rooker-Feldman* or abstention. Regardless, *Hadzi-Tanovic* expressly removed any "uncertainty" regarding *Rooker-Feldman* as it relates to this case. Respondents misrepresent and misconstrue that decision in advancing this position – a position that is not even relevant to the merits of the Motion.

Respondents cite *Hadzi-Tanovic v. Johnson*, 62 F.4th 394 (7th Cir. 2023) for the proposition that "abstention does not imply frivolousness." (ECF #81; citing *Id.* at 400-03). But *Hadzi* makes no mention of frivolity. There, the plaintiff brought §1983 and §1985 conspiracy claims against her ex-husband, the guardian *ad litem*, and the state court judge, alleging they conspired to deprive her of due process rights. *Id.* at 396, 398. The district court dismissed on abstention grounds, and the Seventh Circuit held that *Rooker-Feldman* imposes a "'jurisdictional bar' that prohibits federal courts other than the Supreme Court of the United States from reviewing final state court judgments." *Id.* at 399 (citing *Andrade v. City of Hammond*, 9 F.4th 947, 948 (7th Cir. 2021)). The court never addresses Rule 11 sanctions or frivolousness.

In fact, *Hadzi*'s primary holding supports sanctions here. The Seventh Circuit overruled prior cases recognizing a "corruption exception" to *Rooker-Feldman*, reasoning that such allegations cannot bypass the doctrine's jurisdictional bar and that the prior standard was "unduly

8

difficult to apply" and would "give plaintiffs incentives to plead ever more fantastic allegations of state court corruption to escape *Rooker-Feldman*." *Id.* at 401-08.

Respondents knew – or would have known had they complied with Rule 11 – that *Hadzi* foreclosed their attempt to avoid *Rooker-Feldman* through corruption allegations. Yet they ignored this in opposing the motion to dismiss (ECF #60) and again in the Opposition. In their response to the motions to dismiss, Respondents cited the District Court's *Hadzi* opinion, arguing "[t]his District confirmed that Hadzi-Tanovic **falls within the corruption exception** to domestic-relations abstention in 2021…" (ECF #60, p. 9 fn. 5). This was doubly erroneous: first, the District Court was discussing *Rooker-Feldman*, not "domestic-relations abstention." *Hadzi-Tanovic*, 2021 WL 5505541, *11-12 (N.D. Ill. Nov. 24, 2021). Second, Respondents relied on a 2021 District Court holding that the Seventh Circuit expressly rejected in 2023. *Hadzi-Tanovic*, 62 F.4th at 402 (7th Cir. 2023) (expressly rejecting a "corruption exception" to *Rooker-Feldman*).

Respondents' argument that the "boundaries of Rooker-Feldman in ongoing custody matters" are "unsettled" is irrelevant. (ECF #81, p. 2). They sought to circumvent *Rooker-Feldman* by invoking the "corruption exception" the Seventh Circuit rejected in 2023. (*See* ECF #60, p. 9, fn. 5; *see also Id.* at p. 6, 8, 22); (*see also* ECF #38 (FAC) at ¶¶44, 55, 61, 76). The "corruption exception" issue was settled before the Subject Filings.

Respondents have thus misrepresented *Hadzi* **twice** – first in the Subject Filings to avoid *Rooker-Feldman*, and now in the Opposition to argue that inapplicable and purportedly "unsettled" "boundaries" of *Rooker-Feldman* should save them from sanctions. They knew the relevant boundaries of *Rooker-Feldman* before filing or would have learned them by simply Shepardizing the District Court's *Hadzi* holding on which they erroneously relied. Rather than offer a *mea culpa*,

9

337894651v.5

Respondents have doubled down on their erroneous and misleading reliance on *Hadzi*, and Rule 11 sanctions are warranted.

C.  <u>Respondents' Other Authority is Similarly Irrelevant and Unavailing</u>

Relying solely on abstention authority, Respondents argue that "[t]he legal landscape Plaintiffs navigated was genuinely unsettled" and sanctions are therefore unwarranted. (ECF #81, p. 5). The fatal flaw: the Motion does not charge any Rule 11 violation regarding Respondents' abstention analysis (though, it could have). Rather, the Motion highlights Respondents' improper purpose and their failure to heed applicable law on numerous issues *besides* abstention – including the litigation privilege, the ICVBOR, §1983 state action, §1983 pleading standards, claims for "fair notice" violations, and the numerous other arguments listed in Argument Section II above. Respondents have ignored all of these, resorting to distraction rather than addressing the Motion. It is not difficult to imagine why.

Briefly addressing the Opposition's additional and irrelevant authority: Respondents cite *Taylor v. Circuit Court of Cook Cnty*, 2025 WL 601213 (7th Cir. 2025) and claim that "abstention is not a merits determination." (ECF #81, p. 2). That abstention prevented this Court from adjudicating the merits of the FAC does not mean that this Court is prevented from adjudicating the *merits of this instant Rule 11 Motion.* (*See, supra*). Regardless, the *Taylor* court makes no mention of abstention not being a merits determination, and Respondents' pin cite to *Taylor* contains nothing that would bear on the issues presently before the Court.

Next, Respondents cite *Lopez v. Kubalanza*, 2025 WL 2306815 at \*12-14 (N.D. Ill. Aug. 11, 2025) and assert that *Lopez* held "claims dismissed on abstention grounds are not frivolous; they may be pursued in state court." (ECF #81, p. 2). Again, a finding that abstention is warranted does not equate to a finding that the plaintiff has not violated Rule 11. (*See, supra*). In any event,

10

*Lopez* held that that *Rooker-Feldman* required it to disclaim jurisdiction for cases brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at \*13. The Respondents again misrepresent authority (*Lopez* makes no mention of frivolity) ostensibly in the hopes that their sanctionable conduct will be ignored.

In sum, none of Respondents' cited authority addresses Rule 11 or frivolousness, and no authority exists that would excuse their conduct. The Motion should be granted.

### III.    RESPONDENTS FUNDAMENTALLY MISUNDERSTAND THE RELEVANT INQUIRY.

The Respondents argue that since the Court accepted the FAC's allegations as true at the motion to dismiss stage, they cannot be sanctioned. (ECF #81, p. 3). This is false. *See, e.g., Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 938-39 (7th Cir. 1989) (affirming Rule 11 sanctions granted at the pleadings stage). Moreover, this argument does not address that the Motion demonstrates that the FAC contains "factual" contentions that are demonstrably false. (ECF #69, p. 8) (setting forth that the FAC made wholly unsupported (because they are false) "factual" assertions – *e.g.*, the claim that the Domestic Relations Trial was a "mystery" to Plaintiffs is plainly contradicted by the record of those Proceedings).

Through this argument, the Respondents are attempting to move the goalposts and ignore the entirety of the relevant inquiry. Rule 11(b)(3) is but one sub-paragraph of Rule 11, and for the reasons set forth in the Motion and in this Reply, the Respondents should be sanctioned thereunder, as well as Rules 11(b)(1) and 11(b)(2). Respondents themselves cite *McGreal v. Vil. Of Orland Park*, 928 F.3d 556 (7th Cir. 2019), which it upheld long-standing principles that "'Rule 11 requires counsel to study the law before representing its contents to a federal court. An empty head but a pure heart is no defense.'" *Id.* at 560 (quoting *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986)). The test for sanctions is an objective one: litigants cannot avoid sanctions by simply

11

concluding that they had a good faith basis in their filing when a simple inquiry would have "revealed the frivolity of the position." *Id.* (citing *Cuna Mut. Ins. Soc. V. Office & Prof'l Emp. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006); *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1270 (7th Cir. 1993)).

In *McGreal*, the Seventh Circuit found that sanctions were warranted as the attorney for the plaintiff had made disingenuous and misleading statements to the Court. *Id.* The Respondents' disingenuous and misleading statements to this Court are voluminous and have been presented in detail by the Beermann Defendants.

There can be no dispute that district courts can impose sanctions on parties who file frivolous pleadings. *Matlin v. Spin Master Corp.*, 979 F.3d 1177, 1181 (7th Cir. 2020). This Court has granted sanctions at the pleading stage when it was established that the plaintiff "persisted in going forth with clearly legally baseless allegations and arguments" even though the case law indicated a lack of merit. *Shelton v. Ernst & Young, LLP*, 143 F. Supp. 2d 982, 994–95 (N.D. Ill. 2001). Here, the case law on which Respondents proceeded <u>proved</u> a lack of merit, and the Respondents have now resorted to fabrications and misrepresentations to support their claims of objective reasonability.

The irony is self-evident: Respondents cannot demonstrate the objective reasonableness of their filings without misrepresenting the very authority they cite – conduct that itself warrants sanctions. Indeed, Respondents have failed to provide any actual, relevant argument in response to the Motion – because they cannot. The Motion should be granted.

**CONCLUSION**

The record before this Court is unambiguous: Respondents brought this lawsuit for the improper purpose of harassing the Beermann Defendants and weaponizing the federal courts as

12

another front in Kenton Girard's relentless campaign against his ex-wife, anyone who represents her, and any Judge that touches the Domestic Relations Proceedings.

From the outset, Respondents pressed forward with claims they knew – or would have known with minimal inquiry – were legally baseless. They ignored binding precedent, misrepresented controlling authority, and fabricated support for positions that no reasonable party or attorney could have advanced in good faith.

Confronted with a detailed sanctions motion laying bare these violations, Respondents have not retreated. They have doubled down, offering irrelevant authority, mischaracterizing case law, and advancing arguments entirely disconnected from the Motion's substance. Their Opposition is not a defense; it is further evidence of the sanctionable conduct that pervades this litigation.

Rule 11 exists precisely to protect litigants and the courts from this type of abuse. The Beermann Defendants have been forced to expend substantial resources defending against claims that should never have been filed and arguments that should never have been made. Courts in this Circuit have made clear that it will not tolerate those who treat the federal courts as instruments of harassment rather than forums for resolving legitimate disputes, and this Court should not make an exception for the Respondents. Enough is enough. The federal courts cannot be a dumping ground for vexatious lawsuits advanced without factual or legal basis. Sanctions are essential here to deter the Respondents' conduct, which wastes not only the Beermann Defendants' resources, but also precious judicial resources.

For the foregoing reasons, the Beermann Defendants respectfully request that this Court grant the Motion for Rule 11 Sanctions in its entirety and award the Beermann Defendants their

13

337894651v.5

reasonable attorneys' fees and costs incurred in defending this action and in bringing and prosecuting the Motion.

WHEREFORE, Defendants, Matthew D. Elster, Enrico J. Mirabelli, and Beermann LLP respectfully request that this Honorable Court enter an ORDER: (1) granting this Motion; (2) entering sanctions against Kenton Girard and attorney Toma Makedonski under Rule 11(b)(1), (b)(2) and/or (b)(3); (3) awarding the Beermann Defendants their reasonable attorney's fees and costs incurred in defending this action by way of money judgment against Kenton Girard and attorney Toma Makedonski, jointly and severally; and (4) granting any other appropriate relief.

Dated: June 18, 2026          Respectfully submitted,

         By: */s/ Robert F. Merlo*
         *One of the attorneys for Beermann LLP,*
         *Matthew D. Elster, and Enrico J. Mirabelli*

Kimberly E. Blair (Kimberly.Blair@wilsonelser.com)
Robert F. Merlo (Robert.Merlo@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
161 N. Clark Street, Suite 4500
Chicago, IL 60601
Tel: (312) 704-0550

337894651v.5

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 18th day of June, 2026 service of a true and accurate copy of the above and foregoing was made upon the parties and attorneys of record and those entitled to receive notice via ECF.

Respectfully submitted,

By: */s/ Robert F. Merlo*

Kimberly E. Blair
Robert F. Merlo
Wilson Elser Moskowitz
Edelman & Dicker, LLP
161 N. Clark, Suite 4500
Chicago, IL 60601
(312) 821-6139
kimberly.blair@wilsonelser.com
Robert.merlo@wilsonelser.com
*One of the Attorneys for Beerman LLP*
*Matthew D. Elster and Enrico J. Mirabelli*

15

337894651v.5