**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MINOR CHILD GW, MINOR CHILD GR, and KENTON GIRARD,<br><br>Plaintiffs,<br><br>v.<br><br>JUDGE REGINA A. SCANNICCHIO, JUDGE ROSSANA P. FERNANDEZ, JUDGE WILLIAM YU, JUDGE ROBERT W. JOHNSON, JUDGE EILEEN M. O'CONNOR, PHILIP A. KIRALY, BRADLEY S. LEVISON, JANE F. GIRARD, MATTHEW D. ELSTER, ENRICO J. MIRABELLI, and BEERMANN LLP,<br><br>Defendants. | ) | No. 25 C 4551<br><br>Judge Sara L. Ellis |

**ORDER**

The Court denies Defendants Matthew D. Elster, Enrico J. Mirabelli, and Beermann LLP's motion for sanctions under Federal Rule of Civil Procedure 11 [68]. See Statement.

**STATEMENT**

In the latest in a line of litigation in both state and federal court arising from contentious divorce and child custody proceedings, Plaintiffs Kenton Girard ("Kenton") and his twin daughters, GW and GR, filed this lawsuit against several judges involved in the state court proceedings, GW and GR's mother, attorneys representing the mother in the custody proceedings, and Village of Glencoe representatives. In their first amended complaint, Plaintiffs brought the following claims: (1) violation of the First Amendment against Judges Regina A. Scannicchio, Rossana P. Fernandez, Robert W. Johnson, and Eileen M. O'Connor (Count I); (2) violation of a right to a remedy against Judges Scannichio, Fernandez, Johnson, O'Connor, and William Yu (collectively, the "Defendant Judges") (Count II); (3) civil conspiracy against Matthew Elster, one of the mother's attorneys in the custody proceedings, Glencoe Village Commissioner Bradley Levison, and Glencoe Village Manager Phillip Kiraly (with Levison, the "Village Defendants") (Count III); (4) violation of the right to fair notice of claims against Judges Scannicchio, Fernandez, Johnson, and Yu, Elster, and his law partner, Enrico J. Mirabelli (Count IV); (5) negligence against Judges Schannicchio, Fernandez, Johnson, and Yu, Elster, and Mirabelli (Count V); (6) abuse of process against the mother, Jane Girard ("Jane"), Elster, Mirabelli, and their law firm, Beermann LLP (with Elster and Mirabelli, the "Beermann Defendants") (Count VI); and (7) intentional infliction of emotional distress ("IIED") against

Jane and the Beermann Defendants (Count VII). The Defendant Judges, the Beermann Defendants, the Village Defendants, and Jane all filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). The Court granted the motions in part and dismissed the case. Doc. 76. The Court concluded that it must abstain from resolving many of Plaintiffs' claims and judicial immunity barred the claims against the Defendant Judges. *Id.* at 8–15. It then declined to exercise supplemental jurisdiction over the state law claims not barred by abstention doctrines. *Id.* at 16. The Court indicated that its dismissal was without prejudice to Plaintiffs raising any claims not barred by judicial immunity in state court. *Id.*

After the parties had briefed the motions to dismiss but while the Court had them under advisement, the Beermann Defendants filed a motion for sanctions pursuant to Rule 11, seeking sanctions against Kenton and the attorney for GW and GR, Toma Makedonski. Rule 11 sanctions serve "to deter baseless filings in the district court." *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013). Rule 11(b)(1) required Kenton and Makedonski to determine that the case was "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Rule 11(b)(2) required Kenton and Makedonski to certify that the claims were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law." Fed. R. Civ. P. 11(b)(2). Rule 11(b)(3) required them to present "factual contentions [with] evidentiary support or, if specifically so identified, [that] will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). The Seventh Circuit has cautioned district courts to impose sanctions sparingly, *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003), with the decision left to the Court's discretion, *Cooney*, 735 F.3d at 523. Defendants have a "high burden" to establish that the Court should impose sanctions. *Lundeen v. Minemyer*, No. 09 C 3820, 2010 WL 5418896, at *3 (N.D. Ill. Dec. 17, 2010).

The Beermann Defendants argue that the Court should impose sanctions under Rule 11(b)(1), (b)(2), and (b)(3) because (1) Plaintiffs brought the case only to harass and defame the Beermann Defendants; (2) Plaintiffs' amended complaint and response to the motions to dismiss contained false, legally unsupported, and otherwise frivolous and harassing allegations, claims, and arguments; and (3) Plaintiffs knew their claims against the Beermann Defendants lacked merit but continued to pursue them regardless. Kenton and Makedonski responded to the Rule 11 motion by arguing that the Court's dismissal of the case on abstention grounds forecloses the Beermann Defendants' arguments because the Court never reached the merits and, regardless, their filings were objectively reasonable given the nature of their claims and the unsettled law surrounding them. The Court presumes familiarity with the background of this case and its April 22, 2026 Opinion and Order and will not recount them in detail here. As already noted, the Court found it inappropriate to address the substance of Plaintiffs' claims given that they arose from divorce and child custody proceedings and essentially asked the Court to second-guess the state court's determinations in these proceedings and review the merits of those rulings. Doc. 76 at 8–14.

Although the Seventh Circuit has indicated that courts can "impose[ ] Rule 11 sanctions on grounds different from those on which a case was dismissed," *Matlin v. Spin Master Corp.*, 979 F.3d 1177, 1181 (7th Cir. 2020), the Court does not find it appropriate to engage in a full

merits analysis now, as the Beermann Defendants seemingly ask the Court to do in connection with their Rule 11(b)(2) and (b)(3) sanctions request. "An attorney takes a frivolous position if he fails to make a reasonable inquiry into facts . . . or takes a position unwarranted by existing law or a good faith argument for its modification." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1122 n.67 (7th Cir. 1992) (citation omitted). "[E]ven when a court has ruled that a party has been 'wrong on the law,' sanctions against that party do not flow inevitably." *Cartwright v. Cooney*, 788 F. Supp. 2d 744, 755 (N.D. Ill. 2011) (citation omitted). Here, although the Beermann Defendants vigorously dispute the factual and legal bases for Plaintiffs' claims, the Court expressed no opinion on the viability of the claims against the Beermann Defendants in dismissing the case and instead left that question for a state court if Plaintiffs decided to further pursue their claims in that forum. Having reviewed the briefing on the motions to dismiss, the Court cannot with certainty say that Plaintiffs took frivolous legal or factual positions. Therefore, the Court does not find sanctions warranted on Rule 11(b)(2) or (b)(3) grounds.[1]

Alternatively, the Beermann Defendants seek sanctions under Rule 11(b)(1), arguing that Plaintiffs filed this case for an improper purpose. "Improper purpose means 'something other than [the] mere assertion of frivolous or unfounded legal arguments or contentions.'" *Logan v. Serv. Emps. Int'l Union Loc. 73*, No. 14-CV-10256, 2016 WL 5807932, at *2 (N.D. Ill. Oct. 5, 2016) (alteration in original) (citation omitted). The Beermann Defendants argue that Plaintiffs did not intend to prevail on the merits of their claims but rather sought to delay the custody proceedings, defame the Beermann Defendants while hiding behind the litigation privilege, distract the Beermann Defendants from their defense of Jane and force them to incur legal fees of their own, and smear the state judiciary.[2] Again, the Court notes that the parties on both sides of this case have been involved in long and contentious divorce and custody proceedings, with accusations of bad faith thrown around on all sides. With tensions high, the Court cannot fault Plaintiffs for seeking another forum for their grievances, even if ultimately the Court found their attempt misguided. Although the Court will not impose sanctions against Kenton or

---

[1] In their response to the motion for sanctions, Kenton and Makedonski included a quotation that allegedly came from *Sullivan v. Conway*, 157 F.3d 1092, 1096 (7th Cir. 1998). *See* Doc. 81 at 4. That quotation is not found in *Sullivan*, nor has the Court found it available in any published decision available on Westlaw. *Sullivan* also does not address Rule 11 sanctions, only briefly addressing an award of attorneys' fees under 28 U.S.C. § 1927, and so the Court questions whether Kenton and Makedonski made use of generative artificial intelligence in preparing their response. The Court warns Kenton and Makedonski that they must ensure the accuracy of their case citations and representations to the Court and that sanctions may follow for future inaccurate citations. *See D'Ambrosio v. Meta Platforms Inc.*, 176 F.4th 928, 939 (7th Cir. 2026) ("Submitting fictitious quotations to a court, regardless of how they are generated, is obviously inconsistent with the standards of conduct this court expects from attorneys practicing in this court[.]"); *Jones v. Kankakee Cnty. Sheriff's Dep't*, 164 F.4th 967, 970 (7th Cir. 2026) ("As *pro se* litigants employ AI to assist with court filings, a basic reminder seems wise. Accuracy and honesty matter. . . . [A]ll litigants—represented and unrepresented—must read their filings and take reasonable care to avoid misrepresentations, factual and legal.").

[2] The Beermann Defendants also argue that Plaintiffs cannot even keep their cases straight, with Kenton and Makedonski referring to a First Amendment claim in the response to the motion for sanctions when Plaintiffs did not assert such a claim in this case. But here, the Beermann Defendants are mistaken. Although Plaintiffs did not bring a First Amendment claim against the Beermann Defendants, they did assert a First Amendment claim against several of the Defendant Judges.

Makedonski, it warns them that they should carefully consider future filings and their litigation strategy in light of the guidance the Court provided in its April 22, 2026 Opinion and Order so as to avoid further sanctions motions.

Date: August 26, 2026 /s/__Sara L. Ellis____________